**Robert Earl HENRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–86–130 CR.**

Court of Appeals of Texas, Beaumont.

April 22, 1987.

Discretionary Review Refused July 22, 1987.

Dexter Patterson, Patterson, Mass & Valigura, Conroe, for appellant.

Wilbur Aylor, Asst. Dist. Atty., Montgomery County Courthouse, Conroe, for appellee.

### OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of aggravated sexual assault of a child under fourteen years of age. The court assessed punishment at twenty-five years in the Texas Department of Corrections. Appeal has been perfected to this Court.

Appellant's point of error one follows:

"The trial court erred in failing to properly apply the law to the facts in its charge to the jury authorizing the jury to convict Appellant of aggravated sexual assault without finding the alleged factor (i.e. the victim was younger than 14 years of age) over Appellant's timely objection."

*TEX.PENAL CODE ANN. sec. 22.021* (Vernon Supp. 1987), in part, provides:

"(a) A person commits an offense if the person commits sexual assault as defined in Section 22.011 of this code and:

   \*    \*    \*    \*    \*    \*

"(5) the victim is younger than 14 years of age."

■ The court charged in paragraph V of its application of the law to the facts, as follows:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 14th day of January, 1986, in Montgomery County, Texas, the defendant, Robert Earl Henry, did intentionally or knowingly cause the sexual organ of Shannon Daniels, a child who was then and there younger than fourteen (14) years of age, to contact the sexual organ of the defendant or that the said defendant did then and there intentionally or knowingly cause the penetration of the female sexual organ *of the said child* by the sexual organ of the defendant, then you will find the defendant guilty of Ag-gravated Sexual Assault, as charged in the indictment." (emphasis added)

Appellant's complaint is this: In the charge concerning "penetration" of the female sexual organ, the court did not repeat that the victim was "younger than 14 years of age." Since the evidence was completely that the act was "penetration," and not "contact," Appellant, therefore, argues that the court's charge authorized the jury to convict on aggravated sexual assault without finding the complainant was younger than 14 years of age.

In the last portion of paragraph V of the charge we have emphasized above, the complainant or victim is described as *the said child.* This would have to refer to the child in the forepart of the same paragraph, whom the court had just identified as being younger than 14 years of age. We see no way the jury could have been confused, and on the authority of *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App. 1984), overrule this point of error.

Appellant's second point of error states:

"The trial court erred in admitting State's Exhibit No. 16 (Appellant's photograph) over Appellant's timely objection as said exhibit was not relevant to any issue in the case and was inflammatory and prejudicial."

■ The photograph made the day after the alleged rape shows Appellant at that time was apparently wearing his hair somewhat longer than he was at the time of the trial. We agree that the photograph probably was of no probative value to any issue in the case, but we disagree with Appellant that it caused or aroused any prejudice or passion of the jury. Assuming long hair will prejudice a jury, his hair as reflected by the photograph is not *that* long. This point of error is overruled. *Martin v. State,* 475 S.W.2d 265 (Tex.Crim.App.1972).

Appellant's third point of error follows:

"The trial court erred in excluding evidence beneficial to Appellant's defense as preserved and set forth in his bill of exceptions."

Appellant attempted to testify that the sister of complainant had told him complainant had received some "pretty bad" letters from other boys. The contents of the letters were not revealed. The court excluded the testimony as being hearsay. In the first place, the evidence was hearsay and offered by Appellant to prove the truth of the statement, namely, that complainant had been previously involved with other boys. *See Girard v. State,* 631 S.W.2d 162 (Tex.Crim.App.1982). And, secondly, the court allowed Appellant later to give the same testimony, to-wit:

"Q. [By Appellant's Attorney] Also, let me back up to a question I asked you earlier. When you were talking with Julie, had she indicated that there was some sort of a problem with Shannon receiving letters from boys?

"A. Yes. She said she told me about that, said that Shannon [complainant] was getting some letters. She didn't tell me what was in them.

"Q. I'm not asking what was in them. Did she feel like it was a problem?

"A. Yes, sir.

"Q. Did she express some concern over that?

"A. Yes, sir.

"Q. What did she ask you to do about that?

"A. Asked me to talk to Shannon.

"Q. And what did you tell her?

"A. I told her that it wasn't my place.

"Q. Did you tell her whose place it was?

"A. Yes, sir. I told her it was her father's."

This point of error is overruled.

Appellant's final point of error contends the indictment is fundamentally defective because it fails to allege that the victim was not the spouse of Appellant.

*TEX.PENAL CODE ANN. sec. 22.011, (c)(1)* (Vernon Supp.1987), provides:

" 'Child' means a person younger than 17 years of age who is not the spouse of the actor."

In paragraph III of the trial court's charge to the jury we find:

"The word 'child' as used herein, means a person younger than 17 years of age who is not the spouse of the actor."

This point of error is overruled.

The judgment of the trial court is affirmed.