In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00254-CR
______________________________


JAKE LEE MASON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 30551-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Jake Lee Mason was convicted by a jury of aggravated assault with a deadly weapon, which
was enhanced to a first degree felony. The jury assessed and the trial court sentenced Mason to
twelve years' confinement. Mason argues the trial court erred on these topics: (1) admission of
photographs of Mason that were not timely provided after a discovery order; (2) the relevancy and
prejudicial effect of the photographs; and (3) denial of the cross-examination of a witness regarding
a prior offense. We affirm the judgment of the trial court.
            Since the legal and factual sufficiency of the evidence for this conviction are not challenged,
we will set forth an abbreviated factual statement. Mason and his girlfriend were in the parking lot
of a department store when Tim Harvey, Chris Jones, and Alton Harvey walked into the path of
Mason's vehicle. An argument ensued. The State's evidence showed that Mason threatened to inflict
bodily injury on Tim Harvey using a machete taken from his truck. Mason left the parking lot and
was observed discarding the machete at a nearby apartment complex. The police found the machete
after a witness notified them that she had seen someone place it in some bushes. 
            1.         Admission of photographs of Mason that were not timely provided after a discovery
order.
            Before trial, Mason filed a motion for discovery requesting, among other things, photographs
of the defendant used in the investigation of the case for the purpose of identification of the
defendant. The trial court granted the motion by approving an agreement between the State and
Mason. The two mug shots of Mason were not provided to him until the morning of the trial. Based
on the pretrial order, Mason objected to the introduction of the evidence.
            Evidence that is willfully withheld after the entry of a discovery order should be excluded. 
Jackson v. State, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000); Hollowell v. State, 571 S.W.2d 179,
180 (Tex. Crim. App. [Panel Op.] 1978). Recently, the Texas Court of Criminal Appeals has
examined the meaning of "willful" violation of a discovery order in State v. LaRue, No. PD-985-03,
2004 Tex. Crim. App. LEXIS 1833 (Tex. Crim. App. Nov. 10, 2004), and affirmed an opinion of
the court of appeals. See State v. LaRue, 108 S.W.3d 431 (Tex. App.—Beaumont 2003), aff'd, No.
PD-985-03, 2004 Tex. Crim. App. LEXIS 1833 (Tex. Crim. App. Nov. 10, 2004). In that case, the
trial court found that DNA evidence was willfully withheld from the defense. Id. at 434. The court
of appeals held that an act is willful if the act is done voluntarily and intentionally with the specific
intent to disobey the law.  Id. After a lengthy examination of the facts, the court of appeals held that
the failure to disclose the DNA evidence as ordered was not a willful violation of the discovery
order, and a less drastic remedy than excluding the evidence was the proper sanction. The Texas
Court of Criminal Appeals affirmed the decision.
            In this case, there is no evidence concerning the reason that the photographs were not timely
presented, but were only given to Mason on the day of trial. Having no evidence as to whether this
matter was willfully withheld, or was merely an oversight, we cannot conclude the failure was
willful.  See Jackson, 17 S.W.3d at 673. The item in question here is one commonly found in every
investigation and arrest—mug shots. We have no evidence to support a finding that the State
willfully failed to disclose the mug shots to Mason.
            Even if the trial court erred in allowing such evidence, the error is harmless. This error
would be one of nonconstitutional dimension and, unless it affects the substantial rights of the
accused, it must be disregarded. See Tex. R. App. P. 44.2(b). A "substantial right" is affected when
the error had a substantial and injurious effect or influence in determining the jury's verdict. Johnson
v. State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001) (citing Kotteakos v. United States, 328 U.S. 750
(1946)). If, on the record as a whole, it appears the error did not influence the jury or had but a slight
effect, we must consider the error harmless and allow the conviction to stand. Johnson v. State, 967
S.W.2d 410, 417 (Tex. Crim. App. 1998). In so doing, we must assess harm, but there is no burden
on either the defendant or on the State to demonstrate that harm. Schutz v. State, 63 S.W.3d 442, 444
(Tex. Crim. App. 2001).
            Here, the evidence is that these photographs accurately displayed Mason's appearance at the
time he was arrested. They were relevant in the identification process and, since photographing a
suspect is a routine part of any investigation, the photographs were not unexpected or unanticipated. 
We find that the introduction of the photographs did not affect a substantial right and had no
substantial or injurious effect or influence in determining the jury's verdict.
            2.         The relevancy and prejudicial effect of the photographs. 

            At the time of the events, Mason wore his hair in a Mohawk hairstyle and had tattoos on his
head. Officer William Howell testified that the witnesses described the appearance of Mason
similarly—"[t]hey said he had a Mohawk, tattoos on him, and they gave a clothing description." 
Exhibits 3 and 4 (the photographs) show Mason from the front and side views and reveal his haircut
and the tattoos.
            Mason argues that there was no identity at issue in this case and that the State did not need
to produce any photographs. Mason further argues that Exhibits 3 and 4 were utilized only for the
purpose of "unduly prejudic[ing] the jury against the Appellant." 
            A trial court's ruling on an objection as to relevancy and prejudice is reviewed under an abuse
of discretion standard and will be reversed only if it is not within the zone of reasonable
disagreement.  See McFarland v. State, 845 S.W.2d 824, 837–38 (Tex. Crim. App. 1992). The
general rule is that photographs are admissible where verbal testimony about the same matter would
be admissible.  Mathews v. State, 40 S.W.3d 179, 185 (Tex. App.—Texarkana 2001, pet. ref'd). 
            While Mason argues that identity was not an issue, it was incumbent on the State to prove
that the defendant on trial was the same person to whom the witnesses were referring in their account
of this incident. See id. ("he pleaded not guilty, thus requiring the State to prove each element of the
crime"). Several of the witnesses discussed the appearance of Mason at the time of the incident. 
Further, the State alleged Mason used a machete during the course of this aggravated assault and the
State produced a witness, Taynia Parker, who saw a man walk over to some bushes and leave an
item. After Parker found the machete, she called the police. At trial, Mason's appearance was
different than on the day of the incident, because his hair had grown longer, which apparently
obscured the tattoos on his head. Parker could not identify Mason as the person she saw that day,
but she did recognize Exhibits 3 and 4 as photographs of the person she saw place something behind
the bushes by noting he had the "[s]ame tattoos." Clearly, we find the photographs of Mason were
relevant.
            Mason objected that the photographs were presented to "prejudice the jury." We interpret
that objection as invoking Tex. R. Evid. 403 that the probative value of the photographs was
substantially outweighed by the danger of unfair prejudice. Evidence is unfairly prejudicial when
it has an undue tendency to suggest the decision be made on an improper basis. Montgomery v.
State, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990) (op. on reh'g). A Rule 403 analysis by the trial
court should include, but is not limited to, the following factors: (1) how probative is the evidence;
(2) the potential of the evidence to impress the jury in some irrational, but nevertheless indelible,
way; (3) the time the proponent needs to develop the evidence; and (4) the proponent's need for the
evidence. Id. at 389–90. 
            We analyze the factors as follows: 
             (1) How probative is the evidence—The witness who observed the concealment of the
weapon could identify only the photographs of the person who hid the machete. Mason entered a
plea of not guilty, and the State was required to prove all elements, including the identity of the
defendant. We find the evidence was highly probative on the issue of the identification of Mason
as the person hiding the machete. 
            (2) The potential of the evidence to impress the jury in some irrational, but nevertheless
indelible, way—Mason argues the photographs of the tattoos were introduced to unduly prejudice
the jury. Tattoos are not inherently prejudicial.


 Silvestre v. State, 893 S.W.2d 273, 275 (Tex.
App.—Houston [1st Dist.] 1995, pet. ref'd). The trial court correctly excluded any improper use of
the evidence of tattoos. There was no evidence presented to the jury that the tattoos had any
particular meaning, symbolism, or significance. We find that unidentified tattoos on Mason's head
had a very low potential to impress the jury in some irrational but indelible way. 
            (3) The time the proponent needs to develop the evidence—Very little time of this trial was
devoted to presenting the photographs of the tattoos. 
            (4) The proponent's need for the evidence—In retrospect, presentation of the photographs was
probably not essential, but the photographs did corroborate the testimony of the identifying
witnesses. The State did not argue to the jury that these tattoos were indicative of guilt. We find that
the danger of unfair prejudice did not substantially outweigh the probative value of the photographs.
            This topic—that some types or styles of dress are prejudicial as suggestive of criminal
behavior—has been addressed by the Texas Court of Criminal Appeals. In Richardson v. State, 879
S.W.2d 874 (Tex. Crim. App. 1993), the State offered photographs of the defendant found in the
home of one of the victims. The photographs show the defendant wearing expensive clothing, a
substantial amount of jewelry, and a fur coat. The State offered the photographs to show there was
some connection between the victims and the defendant. The objection was based on Rule 403 and
contended that the photographs were not probative of any issue in the case and only served to suggest
that the defendant was "involved in drug dealing." Id. at 880. The Texas Court of Criminal Appeals
held that the photographs were probative and relevant to the State's case in establishing a link
between the defendant and his victims and, even though the photographs might suggest that he was
affluent, they did not suggest a source of his affluence and, therefore, the danger of unfair prejudice
did not substantially outweigh the probative value of the photographs.
            In support of his argument, Mason cites Reese v. State, 33 S.W.3d 238 (Tex. Crim. App.
2000); Alexander v. State, 88 S.W.3d 772 (Tex. App.—Corpus Christi 2002, pet. ref'd); and Henry
v. State, 729 S.W.2d 362 (Tex. App.—Beaumont 1987, pet. ref'd). In Reese, the court admitted a
photograph of a victim and her unborn child together in the casket at their wake. Reese, 33 S.W.3d
at 239. The court found that the photograph had an emotional impact that suggested the jury's
decision should be made on an emotional basis. Id. at 242. Certainly, this case is distinguishable
from Reese and the emotional appeal of not only the victim in the coffin, but also of the tiny unborn
child that had been removed from her body. Alexander involved a mug shot of a defendant, but the
court held that it had very little probative value because it was actually a mug shot of a prior arrest,
which is certainly distinguishable from this case. Alexander, 88 S.W.2d at 781. Finally, Mason cites
Henry, in which the court found that a mug shot photograph "probably was of no probative value to
any issue in the case." Henry, 729 S.W.2d at 363. However, the court found there was no prejudice
caused. That photograph apparently showed the defendant wearing his hair longer than at the time
of trial, but his appearance in the photograph was not much different than his appearance in court. 
Here, the testimony suggested that Mason's appearance was significantly different. We overrule
Mason's second point of error.
            3.         Denial of the cross-examination of a witness regarding a prior offense.

            Alton Harvey was one of the witnesses at trial. Mason attempted to cross-examine Alton
concerning his alleged conviction for assault. Mason acknowledges that assault by threat is neither
a felony nor a crime of moral turpitude and that it is quite probable such cross-examination was not
proper under Tex. R. Evid. 609. However, Mason urges that such cross-examination was relevant
under Tex. R. Evid. 405(b) "[i]n cases in which a person's . . . character trait is an essential element
of a charge, claim or defense . . . ."
            No evidence was offered to prove that Alton had ever been convicted for any offense. The
court excluded cross-examination of this issue based on its conclusion that the evidence was not
relevant and did not involve a crime of moral turpitude. However, Mason did not make an offer of
proof to demonstrate what the excluded evidence would have shown. Unless the witness had been
convicted of some crime, which is not shown in the evidence, the question as to whether Mason
could cross-examine him regarding that conviction was moot. Error may not be predicated on a
ruling excluding testimony unless the substance of the evidence was made known to the court by
offer, or was apparent from the context within which the questions were asked. Tex. R. Evid.
103(a)(2). A defendant has a right to cross-examine a witness concerning prior convictions if the
questions are asked in good faith. Cyrus v. State, 500 S.W.2d 656 (Tex. Crim. App. 1973); Aleman
v. State, 795 S.W.2d 332 (Tex. App.—Amarillo 1992, no pet.). When records exist showing that
a person with the same name as a victim was convicted, a good-faith basis is established to attempt
to impeach the witness with that conviction. Aleman, 795 S.W.2d at 334. Here, there was no offer
of proof in the form of records, or by any other method. We hold that the claim is waived for failure
to make an offer of proof. 
            We affirm the judgment of the trial court.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          October 4, 2004
Date Decided:             December 22, 2004

Do Not Publish