Christopher Salazar
ALEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–89–0369–CR.

Court of Appeals of Texas,
Amarillo.

Aug. 30, 1990.

Gary A. Taylor, Lubbock, for appellant.

Michael West, Office of the Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

POFF, Justice.

Appellant Christopher Salazar Aleman was convicted by a jury of aggravated sexual assault. The court assessed punishment at life imprisonment. By two points of error, appellant contends that (1) the trial court erred in refusing to allow appellant to impeach the victim by questioning her concerning a prior conviction for misdemeanor theft; and (2) the evidence was insufficient to establish guilt beyond a reasonable doubt. For the reasons below, we will overrule appellant's points of error and affirm the judgment of the trial court.

By his first point of error, appellant contends that the trial court improperly denied him the right to question the victim before the jury concerning a prior conviction for theft. In response to the State's oral motion in limine, the trial court ruled that appellant would not be permitted to examine the victim concerning the prior conviction or offer independent proof of same. The court so ruled because the victim testified on voir dire, in response to questions

propounded by the State, that she had no independent recollection of the conviction. She further denied knowing anything about the conviction.

■ A defendant has the right to examine a witness concerning prior convictions if the questions are asked in good faith. *Cyrus v. State*, 500 S.W.2d 656 (Tex.Crim.App.1973). In this case, the State admitted that its records showed that a person with the same name as the victim was convicted of theft and paid a fine of $123 in a Lubbock County justice court in 1986. Those records provided a sufficient basis to permit a good-faith attempt by appellant to impeach the witness with that conviction. Proof of such a conviction may be elicited by questions designed to secure an admission on the part of the witness. *Kirvin v. State*, 575 S.W.2d 301 (Tex.Crim.App.1978). Denial of a prior conviction does not preclude the propounding of an impeachment question by the defendant. Appellant was entitled to have the jury hear the complaining witness testify that she had not been convicted of the theft or that she did not remember whether she was convicted.

■ Assuming for the sake of argument that the witness would have denied the conviction before the jury, appellant was entitled to ask the impeachment question to establish a predicate for introducing proof of the conviction. The trial court should not have relied upon the State's assertion that a conviction from a justice court, which is not a court of record, is inadmissable if the witness denies the conviction. *Poore v. State*, 524 S.W.2d 294 (Tex.Crim.App.1975). The State incorrectly stated that "even independent proof of [the theft conviction] would not be admissible." The court erred in granting the State's motion in limine precluding appellant from asking impeachment questions and from offering proof of the prior conviction if denied by the witness.

■ The State argues that the error, if any, was not preserved because appellant failed to offer evidence of the conviction, e.g., a copy of the judgment. Such an offer of proof was unnecessary in light of the State's admission that the criminal history run by the State showed that a person with the same name as the complaining witness had been convicted of a theft, and that their records reflected she paid a $123 fine for a theft in J.P. Court in 1986. It is inconsistent for the State to raise the issue of a witness' criminal history; admit that its records showed a conviction, then complain on appeal that appellant failed to prove the conviction. We hold the State to its admission and conclude that error was preserved.

■ Not all error involving the impeachment of witnesses is harmful. *Zillender v. State*, 557 S.W.2d 515 (Tex.Crim.App.1977); *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). Just as error committed by allowing improper impeachment may be harmless, so may the prohibition of admissible impeachment evidence be harmless. The instant case is not woven from circumstantial evidence, but rather is a case in which the victim made an immediate, positive identification of appellant, with whom she was previously acquainted. In addition, the victim's outcry and report to the police identifying appellant, the medical evidence confirming the sexual assault, the physical evidence of bodily injuries, the scientific evidence that appellant could not be excluded from the possible suspects, and the evidence that appellant was among only 10% of the Hispanic male population who could have had sexual relations with the victim, was credible and compelling. Thus, while it was error to grant the motion in limine, the error was harmless. We have examined the record and conclude beyond a reasonable doubt that exclusion of the impeachment evidence made no contribution to the conviction or to the punishment. Tex.R.App.P. 81(b)(2); *Jordan v. State*, 576 S.W.2d 825 (Tex.Crim.App.1978); *Bird v. State*, 692 S.W.2d 65 (Tex.Crim.App.1985).

■ By his second point of error, appellant contends that the evidence was insufficient to prove the essential elements of aggravated sexual assault. Specifically, he contends the evidence was insufficient to

prove he committed the assault or that he used and exhibited a deadly weapon. The appropriate standard for reviewing sufficiency of the evidence requires the court to view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Moreno v. State,* 755 S.W.2d 866 (Tex.Crim.App.1988). As noted above, the State offered credible and compelling evidence that appellant sexually assaulted the victim. As in most cases of sexual assault, the only witness to the crime was the victim. Perpetrators of sexual assault very seldom attack their victims in public view, and a conviction for aggravated sexual assault may therefore be sustained upon the uncorroborated testimony of the victim. *Hargrove v. State,* 579 S.W.2d 238 (Tex.Crim.App.1979).

 In this case, however, the victim's testimony concerning the sexual assault was corroborated by the physical evidence. Moreover, appellant concedes that a sexual assault took place. The identification of appellant as the assailant was corroborated by scientific evidence showing appellant to be one of only 10% of Hispanic males who could have committed the sexual assault. The victim's identification was positive and unequivocal. She identified appellant as her assailant immediately after the assault. She had ample opportunity to view appellant as he walked toward her home with her. She had also been acquainted with appellant before the assault.

As stated in his brief, appellant contends that this is not a case of mistaken identity, but rather a case in which the victim falsely accused appellant to protect the real rapist. There is no basis in the record for this hypothesis. The evidence was sufficient to support the jury's finding that appellant was the person who committed the sexual assault.

 Appellant also argues that the State failed to offer sufficient evidence to prove that the knife held against the victim's stomach was a deadly weapon which, in the manner of its use and intended use, was capable of causing death and serious bodily injury. The victim testified that the knife had a blade 4.5″ long and .5″ wide. The State also offered, over appellant's objection, a police officer's testimony that, based on his experience, a knife such as the one described by the victim was capable of inflicting death or serious bodily injury. Even if the officer's testimony had been excluded, the evidence would still be sufficient, for it is not necessary to offer expert testimony to determine the nature of a weapon. *Morales v. State,* 633 S.W.2d 866 (Tex.Crim.App.1982). A knife, even a knife with a 4.5″ blade half an inch wide, can be shown to be a deadly weapon through proof of the manner of its use and its capacity to cause death or serious bodily injury. *Hawkins v. State,* 605 S.W.2d 586 (Tex.Crim.App.1980). While a pocket knife is not a deadly weapon per se, it can qualify as such through the manner of its use. *McElroy v. State,* 528 S.W.2d 831 (Tex. Crim.App.1975). It is not necessary that the knife be offered into evidence, and a description as given by the victim can be sufficient evidence upon which a jury may determine the knife was a deadly weapon. *Morales,* 633 S.W.2d at 868.

 In addition to holding the knife to the victim's stomach, there was evidence that the assailant cut the victim on the hand and chest with the knife. The victim also testified that appellant threatened to kill her while exhibiting the knife and demanding that she disrobe and submit. The cumulative force of the testimony concerning the description and use of the knife was sufficient to entitle the jury to find it was a deadly weapon.

Examining the record in the light most favorable to the verdict, we conclude the evidence was sufficient to convince a rational trier of fact that the essential elements of the offense were proven beyond a reasonable doubt. Appellant's second point of error is overruled.

In summary, we overrule both points of error. The judgment of the trial court is affirmed.