Opinion issued July 17, 2003










In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00861-CR
NO. 01-03-00691-CR
NO. 01-03-00692-CR




LONNY JOHNSON, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 361st District Court
Brazos County, Texas
Trial Court Cause No. 28,816-361
(Counts 1, 2, and 3)
 

 
 
MEMORANDUM OPINION
 
          A jury found appellant, Lonny Johnson, Jr., guilty of two counts of indecency
with a child by contact and one count of indecency with a child by exposure. The trial
court assessed punishment at ten years’ confinement for all three offenses, to run
concurrently, and signed separate judgments for each count, counts 1, 2, and 3,
respectively. Each trial-court judgment has been designated a separate appellate cause
in this Court, as follows: Count 1 has been designated Cause No. 01-02-00861-CR;
count 2 has been designated Cause No. 01-03-00691-CR; and count 3 has been
designated Cause No. 01-03-00692-CR. In three points of error, appellant challenges
evidentiary rulings by the trial court and the legal and factual sufficiency of the
evidence to support his conviction for the offense of indecency with a child by contact
alleged in count 2. We affirm the judgments in Cause Nos. 01-02-00861-CR and 01-03-00692-CR and reverse and render a judgment of acquittal in Cause No. 01-03-00691-CR.
Facts
          Appellant married the mother of the victim, K.S., when K.S. was five years old
and later had two children by K.S.’s mother. K.S. lived with her mother and appellant
until she was approximately 13 years old, when, at her request, she moved away to live
with her grandmother. K.S. was a 20-year-old college student at the time of trial. 
Appellant began molesting K.S. when she was five years old. K.S. was able to recall
at least six assaults and other inappropriate behavior by appellant that occurred while
she was living with him and her mother. Appellant was charged with three counts of
indecency with a child. 
          The first charged offense (count 1) occurred when K.S. was six years old. 
While K.S.’s mother was at work, K.S. was in the living room, watching cartoons on
television. Appellant was lying on the sofa with her. The room was cold, and
appellant invited K.S. to get under some covers with him. Appellant removed K.S.’s
clothing and his own clothing and began to fondle K.S. Appellant attempted sexual
intercourse with K.S. while instructing her to say things to him to arouse him sexually. 
He eventually stopped the attempted intercourse when she complained that she was
in pain, but continued to fondle her vaginal area with his fingers. Appellant stopped
assaulting K.S. because her mother was due to return from work. He told K.S. the
behavior was normal, but also instructed her not to tell anyone about it, and he had
K.S. bathe and change clothes before her mother returned. 
          The second charged offense (count 2) occurred when K.S. was about eight years
old. At about 7 a.m., while her mother was taking a shower and K.S. was still in bed,
K.S. felt a hand rubbing her leg and then felt a hand pass under her nightgown. When
she opened her eyes, she saw appellant. Just as appellant tried to reach beneath K.S.’s
underwear, the water from her mother’s shower stopped running, and appellant got up
and ran back to his room. 
          The third charged offense (count 3) occurred when K.S. was 11 or 12 years old. 
Appellant called K.S. into his room. When she entered the room, a pornographic
movie was playing on the television. Appellant was wearing a racing-style swimsuit
and told K.S. that he was thinking about wearing it on the family vacation, but was
concerned that it was too loose and that “his penis may fall out.” Saying, “See. This
is what I mean,” appellant removed his penis from the bathing suit and asked K.S. if
she would like to try anything that she saw in the pornographic movie. She answered,
“No.” 
          When K.S. tried to tell her mother about the instances of abuse at age five or six,
appellant “turned it around” and said that K.S. “was stating something out of anger.” 
In response to a report from an anonymous source, Brazos County Children’s
Protective Services investigated and interviewed K.S. at school in 1993, but she denied
the allegations. K.S. first disclosed the incidents with appellant to her mother and the
police in October 2000, when she became concerned about her younger sister, who
lived with appellant after he and K.S.’s mother were divorced in 1998. 
          The jury heard four taped telephone conversations between K.S. and appellant. 
These were made while police were investigating K.S.’s complaints. During one of
these conversations, appellant agreed, in response to K.S.’s questions, that he was sorry
for “molesting her.” Appellant claimed that he stated he was sorry because he was
frustrated with his mortgage company and because K.S. would not accept his previous
denials. 
Evidentiary Challenges
          Appellant’s first point of error is two-pronged. The first prong challenges
exclusion of evidence appellant offered. The second prong challenges evidence offered
by the State and admitted over appellant’s objection.
A.      Evidence Excluded
          Appellant contends that the trial court erred by sustaining the State’s objection
and thereby refusing to permit evidence that appellant claims was properly admissible
as impeachment to show K.S.’s and her mother’s motive and state of mind, as permitted
by rule 803(3) of the Rules of Evidence. See Tex. R. Evid. 803(3).
          Questioning of appellant’s brother by appellant’s counsel during appellant’s
case-in-chief established that appellant’s brother lived with appellant, K.S.’s mother,
and K.S. from June 1987 to May 1988 and again from June 1992 to October 1992. 
Appellant’s brother left the household because he was sexually involved with
appellant’s wife, K.S.’s mother. Appellant’s brother continued the affair, however, and
maintained regular contact with K.S.’s mother after October 1992. Appellant’s brother
acknowledged that he spoke with K.S.’s mother about K.S.’s disclosures in October
1992. The trial court sustained the State’s objection that questioning appellant’s
brother about K.S.’s mother’s intentions or motive constituted improper impeachment
and hearsay. Appellant’s counsel replied that he was attempting to lay the predicate
to permit the testimony under rule 803(3) of the rules of evidence,


 but the trial court
reiterated its ruling. 
          Appellant preserved the excluded testimony by an offer of proof. See Tex. R.
Evid. 103(a)(2). Appellant’s brother explained in the offer that K.S.’s mother “was
going to get him back real good” for having the children around appellant’s girlfriend
and for not buying K.S. a car. In response to further questioning, appellant’s brother
agreed that both K.S. and her mother “had a plan or motive” and “were going to get
Lonny back.” 
          The State contends that even if the excluded evidence was admissible under rule
803(3), appellant cannot show that the trial court’s ruling excluding the evidence was
reversible error under a harm analysis because the remainder of the record contains
ample evidence showing that K.S.’s mother and K.S. had a grudge against appellant. 
See Tex. R. App. P. 44.2(b) (“Any [non-constitutional] error, defect, irregularity, or
variance that does not affect substantial rights must be disregarded.”); see also
McFarland v. State, 845 S.W.2d 824, 840 (Tex. Crim. App. 1992) (holding that no
reversible error exists when same evidence is presented elsewhere during trial without
objection). We agree.
          The record shows that K.S.’s mother did not approve of appellant’s girlfriend,
who was only about five years older than K.S., and resented trips appellant and the
girlfriend took with the children born to K.S.’s mother and appellant. According to
appellant, K.S. telephoned him to ask for a car. When appellant was questioned why
he continued to bring up and refer to K.S.’s mother when the accusation came from
K.S., not her mother, appellant responded as follows: “Because to me that’s the
dynamics that started this and [K.S.] was trying to feed into it. All this was started by
[K.S.’s mother]. All the C.P.S. reports, everything by [K.S.’s mother]. I’m sure [K.S.’s
mother] had [K.S.] up to trying to get me to say something.” Moreover, during closing
argument, appellant’s counsel strongly emphasized motives by K.S.’s mother and K.S.
that allegedly prompted them to accuse appellant. Because the record otherwise
demonstrates K.S.’s and her mother’s alleged motive, we hold that appellant has not
shown harm that affected his substantial rights based on the trial court’s excluding
appellant’s brother’s testimony. Accordingly, we conclude that appellant has not
shown that the trial court’s ruling was reversible error.
B.      Evidence Admitted
          Appellant also challenges the trial court’s permitting the State to introduce into
evidence his 1998 prior conviction for misdemeanor theft of property valued over $50
and under $500. Provided the evidence otherwise satisfies rule 609 of the Rules of
Evidence, rule 609 permits impeachment of a witness for purposes of attacking his
credibility through evidence that the witness was convicted of a crime when that
evidence is “elicited from the witness or established by public record” . Appellant
contends that because he admitted his 1998 prior conviction and did not deny it, the
trial court erred by overruling appellant’s objection to State’s Exhibit 9, which
consisted of the judgment and sentence of that prior conviction. 
          Appellant relies on Cathleen C. Herasimchuk, Rules of Evidence
handbook, Rule 609 at 585 (4th ed. 2001) (“If the witness answers yes, the
impeachment is complete. If the witness denies the conviction, the questioner may then
introduce a copy of the Judgment of Conviction.”). See also Poore v. State, 524
S.W.2d 294, 297 (Tex. Crim. App. 1975) (recognizing that witness may be impeached
with prior conviction by admitting that conviction, in which case “[i]t is not then
required that a copy of the judgment be produced.”); Aleman v. State, 795 S.W.2d 332,
334 (Tex. App.—Amarillo 1990, no pet.) (rejecting contention that error waived by
defendant’s failure to offer evidence of prior conviction of State’s witness because
State recognized witness’s criminal history and conviction). 
          Although we agree that the trial court erred by admitting the judgment and
sentence into evidence after appellant admitted his prior conviction, errors relating to
impeachment of a witness are not categorically harmful. See Aleman, 795 S.W.2d at
334; see also Tex. R. App. P. 44.2(b) (requiring showing of harm affecting appellant’s
substantial rights for non-constitutional error). Appellant contends that he was harmed
because the prosecutor emphasized in closing argument that, “the law says you can use
[appellant’s prior conviction] when you’re determining the credibility of witnesses.” 
The prosecutor’s argument was a correct statement of the law concerning the
implications of appellant’s conviction for theft. Cf. Caballero v. State, 881 S.W.2d
745, 750 (Tex. App.—Houston [14th Dist.] 1994, no writ) (rejecting contention that
trial court erred by overruling objection to prosecutor’s argument, which emphasized
that jury could consider defendant’s prior conviction in determining credibility of
defendant’s testimony). Moreover, the prosecutor’s argument flowed as readily from
appellant’s orally admitting the conviction as from the State’s referring to the actual
judgment and conviction. Because appellant has not demonstrated any harm from
admission of State’s Exhibit 9, we conclude that the trial court’s error admitting the
judgment and sentence was harmless. Tex. R. App. P. 44.2(b).
          We overrule appellant’s first point of error.
Sufficiency Challenges 
          Appellant’s second and third points of error challenge the sufficiency of the
evidence to support his conviction on count two, indecency with a child by contact, the
offense alleged to have occurred when K.S. was about eight years old. Appellant’s
second point of error challenges the legal sufficiency of the evidence. He challenges
the factual sufficiency of the evidence in his third point of error.
          In evaluating the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. 
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Johnson v. State, 95 S.W.3d
568, 571 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). Although our analysis
considers all evidence presented at trial, we may not re-weigh the evidence and
substitute our judgment for that of the jury. King, 29 S.W.3d at 562.
          Appellant was charged by indictment as follows:
COUNT TWO: and it is further presented in and to said Court, that the
said Lonny Johnson in the County of Brazos and State of Texas on or
about the 1st day of September 1989 did,
 
then and there intentionally, with the intent to arouse and gratify the
sexual desire of the said defendant, engage in sexual contact by touching
the genitals of [K.S.] a child younger than 17 years and not the spouse of
the defendant[.]
 
The jury found appellant guilty as charged in the indictment.
 
          Pursuant to section 21.11 of the Penal Code:
 
(a) A person commits an offense if, with a child younger than 17
years and not the person’s spouse, whether the child is of the same or
opposite sex, the person:
 
(1) engages in sexual contact with the child or causes the
child to engage in sexual contact. 
 
Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon 2003). For purposes of section 21.11,
“sexual contact” includes the following act, if committed with the intent to arouse or
gratify the sexual desire of any person: “any touching by a person, including touching
through clothing, of the anus, breast, or any part of the genitals of a child.” Tex. Pen.
Code Ann. § 21.11(c)(1) (Vernon 2003). The charge to the jury incorporated this
definition in part by defining “sexual contact” as “any touching of the anus, breast, or
any part of the genitals of another person with intent to arouse the sexual desire of any
person.”
          Viewed in the light most favorable to the verdict, the evidence shows that K.S.
felt someone rubbing her leg while she was in bed in the early morning and while her
mother was taking a shower. K.S. then felt someone sliding a hand under her
nightgown. When she opened her eyes, K.S. recognized appellant. As appellant was
attempting to place his hand beneath her underwear, he heard the water in the shower
stop running, left the room quickly, and returned to his room. The evidence also
includes the taped telephone conversations in which appellant apologized to K.S. for
“molesting” her. Appellant disputes the legal sufficiency of the evidence on the
grounds that no evidence shows that his hand actually touched the skin of K.S.’s
genitals. We disagree with appellant’s contention that the evidence is insufficient
because appellant did not touch K.S.’s skin, but agree that the evidence does not
establish that appellant touched K.S.’s genitals, either over or under her clothing. 
          Sexual contact is sufficient to support a conviction for indecency with a child
even if the child remains clothed. Tex. Pen. Code Ann. § 21.11(c)(1) (defining
“sexual contact” to include touching through clothing); Resnick v. State, 574 S.W.2d
558, 560 (Tex. Crim. App. 1978); In re J.S., 35 S.W.3d 287, 292 (Tex. App.—Fort
Worth 2001, no pet.) (citing Guia v. State, 723 S.W.2d 763, 766 (Tex. App.—Dallas
1986, pet. ref’d)). Although touching through a layer of clothing will suffice to support
a conviction for indecency with a child under these precedents, the evidence must
nevertheless establish a “touching” of “the anus, breast, or any part of the genitals of
the child.” Tex. Pen. Code Ann. § 21.11(c)(1). Thus, in Perez v. State, for example,
in which the record established that the defendant reached under a blanket covering the
sleeping victim and touched the victim on her chest and her “private spot,” and that the
victim identified the female genitalia area of a doll when asked to identify her “private
spot,” the evidence was legally sufficient to support conviction for indecency with a
child. 960 S.W.2d 84, 86 (Tex. App.—Austin 1997, no pet.). 
          Although ample evidence supports indecency with a child by sexual contact as
alleged in count one of the indictment, nothing in the record before us establishes that
appellant touched any part of K.S.’s genitals, as alleged in count two of the indictment.


 
The evidence pertinent to that count shows only that appellant rubbed K.S.’s leg, slid
a hand under her nightgown, and was attempting to place his hand under an unspecified
area of her underwear, but then stopped abruptly when he heard the water in the shower
stop running. Similarly, the full context of appellant’s apology to K.S. falls short of
conceding the element of physical contact necessary to support the sexual contact
alleged in count two. 
          Accordingly, we hold that the evidence is legally insufficient to support
appellant’s conviction for indecency with a child by contact as alleged in count two of
the indictment. 
          We sustain appellant’s second point of error. 
          Having sustained appellant’s legal-sufficiency point of error, we need not
address his third point of error, in which he challenges the factual sufficiency of the
evidence. 
Conclusion
          We reverse the judgment of the trial court in count two and render a judgment
of acquittal in that cause, Cause No. 01-03-00691-CR. We affirm the remaining
judgments of the trial court, in Cause Nos. 01-02-00861-CR and 01-03-00692-CR,
respectively, in all other respects. We deny all pending motions.
 
 
 
                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Higley.
 
Do not publish. Tex. R. App. P. 47.2(b).