NO. 07-04-0482-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 19, 2005



______________________________




GUADALUPE VASQUEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-404954; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

 Following a plea of not guilty, appellant Guadalupe Vasquez was convicted by a jury
of aggravated assault on a public servant and sentenced to 99 years confinement and a
$10,000 fine. He was also convicted of assault on a public servant and sentenced to ten
years confinement and a $10,000 fine. By a single issue, appellant contends the State's
evidence is factually insufficient to support an affirmative finding that he used a deadly
weapon during the commission of the assault. We affirm.

 Appellant was arrested for assaulting a police officer in a nightclub parking lot. 
Officer Jeremy Winters was on patrol outside the Latin Paradise Club when he observed
appellant trying to enter a locked vehicle. Due to recent vehicle burglaries in the area,
Officer Winters approached appellant and asked for identification. Appellant was unable
to produce any identification but informed the officer the vehicle belonged to a friend. While
Officer Winters attempted to verify the registered owner of the vehicle, appellant made
several attempts to walk back into the nightclub. On the third attempt, Officer Winters
grabbed appellant's arm and began walking him back toward the vehicle. Appellant pushed
the officer to the ground and a struggle ensued.

 During the struggle, Officer Winters observed what appeared to be a small rock in
appellant's hand. In an attempt to subdue appellant, the officer pulled out his baton and 
struck appellant on the back of the leg causing him to fall to the ground. After appellant got
back on his feet, Officer Winters saw him swinging the rock and acting "as if he was going
to throw it." However, he did not hit the officer with the rock. At some point, appellant fled
to a nearby railroad track. There, Officer Winters heard appellant say, "I've got a rock for
you" and saw a large, silver rock in his hand. Shortly thereafter, backup officers arrived on
the scene and appellant was taken into custody. At the punishment phase of trial, appellant
admitted to assaulting the officer but denied ever threatening him with a rock.

 By his sole issue on appeal, appellant contends the evidence is factually insufficient
to prove he used a rock as a deadly weapon in the assault. Specifically, appellant
maintains Officer Winters's testimony is insufficient because no rock was proffered into
evidence and because the State failed to present any expert testimony as to whether the
rocks qualified as deadly weapons. He further claims, since he never hit the officer, the
rock only had a hypothetical capability of causing death or serious bodily injury. We
disagree.

 When reviewing a factual sufficiency claim, we must view all the evidence without
the prism of "in the light most favorable to the prosecution" and set aside the verdict only
if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex.Cr.App. 1996). We must determine,
considering all of the evidence in a neutral light, whether the jury was rationally justified in
finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484
(Tex.Cr.App. 2004). However, we must give deference to the jury verdict and their
determinations involving the credibility of witnesses. Clewis, 922 S.W.2d at 135 (holding
"courts 'are not free to reweigh the evidence and set aside a jury verdict merely because
the judges feel that a different result is more reasonable.'" (citing Pool v. Ford Motor Co.,
715 S.W.2d 629, 634 (Tex. 1986)).

 There are two ways evidence may be insufficient. Zuniga, 144 S.W.3d at 484. First,
evidence supporting the verdict may be too weak to support a guilty verdict beyond a
reasonable doubt. Id. Second, there may be both evidence supporting the verdict and
evidence contrary to the verdict. Evidence is factually insufficient if, when weighing all the
evidence, the contrary evidence is so strong that the beyond-a-reasonable-doubt standard
could not have been met. Id. at 485. Under this standard, evidence of guilt can
"preponderate" in favor of conviction but still be insufficient to prove the elements of the
crime beyond a reasonable doubt. Id.

 However, before determining whether the evidence is factually sufficient to sustain
the finding, we must review the essential elements the State was required to prove. A
defendant commits aggravated assault if he (1) causes serious bodily injury to another, or
(2) uses or exhibits a deadly weapon during the commission of an assault. Tex. Pen. Code
Ann. § 22.02(a) (Vernon Supp. 2004-05). Because a rock is not a deadly weapon per se,
the State must prove "that in the manner of its use or intended use [it was] capable of
causing death or serious bodily injury." Id. at §1.07(a)(17)(B). Serious bodily injury is
defined as "bodily injury that creates a substantial risk of death, serious permanent
disfigurement, or protracted loss or impairment of the function of any bodily member or
organ." Id. at (46). The statute does not require that the actor actually intend death or
serious bodily injury, only that the object used is capable of causing death or serious bodily
injury. McCain v. State, 22 S.W.3d 497, 503 (Tex.Cr.App. 2000).

 Whether an object qualifies as a deadly weapon depends upon the evidence
presented. See Thomas v. State, 821 S.W.2d 616, 620 (Tex.Cr.App. 1991). This Court
has previously recognized that expert testimony is not required to determine the nature of
a weapon nor is it necessary that the weapon be introduced into evidence for the State to
meet its burden of proof. Aleman v. State, 795 S.W.2d 332, 335 (Tex.App.-Amarillo 1990,
no pet.) (citing Morales v. State, 633 S.W.2d 866, 868 (Tex.Cr.App. 1982). Also, it is
unnecessary to show that any wounds were inflicted. Davidson v. State, 602 S.W.2d 272,
273 (Tex.Cr.App. 1980). However, where no actual injury is sustained, the State must
present evidence of other factors to establish that an object is a deadly weapon. See Victor
v. State, 874 S.W.2d 748, 751 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd). Factors to
consider in that determination include the dimensions and sharpness of the object, the
manner of its use, testimony of its life-threatening capabilities, and the physical proximity
of the accused and the victim. See Thomas, 821 S.W.2d at 620. See also Davis v. State,
22 S.W.3d 638, 641 (Tex.App.-Waco 2000, pet. ref'd); Garcia v. State, 17 S.W.3d 1, 4
(Tex.App.-Houston [1st Dist.] 1999, pet. ref'd). The essential question is determining
whether sufficient evidence was presented to establish that a defendant used or intended
to use the object in a manner "capable" of causing serious bodily injury or death. Alvarez
v. State, 566 S.W.2d 612, 614 (Tex.Cr.App. 1978). 

 Here, Officer Winters testified that he was threatened with two different rocks while
trying to subdue appellant. He testified the first rock was "smaller" and the second rock
was silver and larger than appellant's hand. In both instances, he observed appellant
swinging the rocks at him "as if he wanted to cause injury," and at one point, he heard
appellant say, "I've got a rock for you." Officer Winters said he feared for his safety and
believed appellant would have struck him with the rocks had he not avoided them. He also
testified the rocks were being used in a manner capable of causing death or serious bodily
injury and discussed several hypothetical injuries he believed could have resulted if he
were struck by one of the rocks.

 In support of his proposition, appellant relies on Davidson, 602 S.W.2d at 274,
which found the evidence insufficient to establish that a knife with a two and one-half to
three inch blade was a deadly weapon. In that case, a grocery store employee observed
Davidson shoplifting camera film. Id. at 273. As Davidson left the store, the employee who
observed the shoplifting, accompanied by two other employees, confronted him. Id. 
Davidson turned the knife on one of the employees and said, "If you come any closer, I'm
going to cut you." Id. The employee pulled a cardboard box cutter from his pocket to
defend himself, and Davidson turned and ran. Id. Although the knife used in that case was
not produced in evidence, the employee testified to the size of the knife and said he was
placed in fear of death or imminent bodily injury. Id. 

 In reaching its holding, the Court noted that while the blade was two and one-half
to three inches long, the victim was five or six feet away when appellant gestured at him
with the knife and that appellant did not come closer but turned and ran away. Id. at 274. 
Furthermore, the victim in that case qualified his testimony that he was in fear of death or
imminent bodily injury by explaining that a friend of his had been previously hurt by a
person with a screwdriver in an encounter in a parking lot. Id. The court further
acknowledged that the knife was not introduced into evidence and that the State had failed
to establish the knife's potentiality for harm through the use of a weapons expert. Id.

 Although facially similar, the present case is distinguishable from Davidson in
several ways. First, unlike the victim in Davidson, Officer Winters was in close proximity
to his assailant and had to step back to avoid being hit with the rock. Second, when the
two men were apart, appellant threatened to throw the rock. Finally, Officer Winters was
fearful of the rock causing him serious bodily injury or death due to the manner in which it
was being used, whereas the employee in Davidson feared the weapon because his friend
had been injured in a similar encounter. Considering these differences, we find appellant's
reliance on Davidson to be misplaced. 

 After reviewing the entire record, we conclude the evidence was sufficient to enable
a jury to rationally conclude appellant used or exhibited a rock during the commission of
the assault and that, in the manner of its use, the rock constituted a deadly weapon. 
Appellant's point of error is overruled. 

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

Do not publish. 



in which she testified that when the police brought appellant to her for her
inspection, they told her that appellant said he had approached her with a gun. However,
she iterated that "it wasn't true," and reiterated that "[h]e wasn't the one who pulled the gun
on me." There was no other evidence that directly connected appellant with the offense. 
Even assuming arguendo that Majano's recitation of a hearsay statement constituted a
scintilla of evidence of appellant's guilt, in the face of her firm and repeated assurances
that appellant was not the individual who approached her with the gun, the evidence is
simply factually insufficient to show appellant was the individual who physically committed
the robbery. 

 However, that decision does not end our task. We must next consider appellant's
third and fourth issues in which he contends the evidence is both legally and factually
insufficient to show he was guilty under the law of parties. Mere presence at or near the
scene of a crime is insufficient to prove that a person is a party to the crime, but it is a
circumstance tending to prove guilt and combined with other circumstances, may suffice
to show that an accused was a participant. Beardsley v. State, 738 S.W.2d 681, 685 (Tex.
Crim.App. 1987). Also, flight from the scene of a crime is not sufficient in and of itself to
sustain a conviction, but it is a circumstance which, when combined with other incriminating
evidence, may be sufficient to show an individual guilty as a party to a crime. Thompson
v. State, 697 S.W.2d 413, 417 (Tex.Crim.App. 1985). Thus, in determining whether the
evidence was sufficient to show appellant was a party to the charged offense, we look to
the evidence concerning events occurring before, during, and after the commission of the
offense. Beardsley, 738 S.W.2d at 684; Scott v. State, 946 S.W.2d 166, 168 (Tex.App.--Austin 1997, pet. ref'd).

 Under the evidence, the jury could reasonably have concluded that appellant knew
that Jackson had a gun and that he transported Jackson to the One Price store for the
purpose of using the gun in a robbery. They would also be justified in concluding that
appellant was parked nearby for the purpose of aiding Jackson in making an escape from
the scene, and that, by his conduct after Jackson ran back to the car, he was endeavoring
to help Jackson escape from the scene. In sum, the evidence was sufficient to justify the
jury's evident conclusion that appellant was guilty as a party to the offense charged. 
Appellant's third and fourth issues are overruled.

 As we noted above, in his fifth issue, appellant contends that the trial court
reversibly erred in admitting into evidence two ski masks and two .38 caliber bullets found
in the rear seat of the Oldsmobile. The record shows that appellant objected to the
admission of these items at a preliminary hearing conducted outside of the presence of the
jury on the basis that they were not relevant. However, when the items were tendered into
evidence before the jury, appellant not only failed to object, he specifically stated to the trial
court that he had no objection to their admission. In order to preserve a matter for
appellate review, it is required that the record must show that an objection to the admission
of the evidence was timely made and that the objection was sufficiently definite to inform
the trial court of the grounds for the objection. Tex. R. App. P. 33.1(a)(1). Moreover, in the
absence of the granting of a running objection by the trial court, counsel must object every
time allegedly inadmissible evidence is tendered. Scaggs v. State, 18 S.W.3d 277, 291
(Tex.App.-Austin 2000, pet. ref'd). As we have noted, appellant not only failed to object,
he specifically stated he had no objection at the time of their tender. Appellant's fifth issue
is overruled.

 In sum, all of appellant's issues are overruled, and the judgment of the trial court is
affirmed.


 John T. Boyd

 Chief Justice


Do not publish.