NO. 07-05-0099-CR
NO. 07-05-0100-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 9, 2005
_____

JUAN ANGEL IBARRA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NOS. A15686-0408 AND A15687-0408; HON. ROBERT W. KINKAID, JR., PRESIDING
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant, Juan Angel Ibarra, appeals his convictions for two counts of aggravated sexual assault and two counts of burglary of a habitation. In two issues, he argues that 1) the evidence is legally and factually insufficient to support the convictions, and 2) the trial court erred when it cumulated his sentences. We affirm the judgments in part and reform in part.

### *Background*

On July 22, 2004, April DeeAnn Parker was in her trailer home with her two children while her husband was working the night shift. Around 1:00 a.m., she took some trash to

the dumpster and, as she returned, she heard her children screaming. When she opened the door, she saw a man later identified as appellant standing behind it. She struck him, and he began beating her with his fists. Her head was banged into a chest, and appellant choked her. She passed out and when she awoke she was leaning against the chest. Appellant told her he wanted the keys to her car and that he wanted "pussy." When she began to fight him, he told her he would get it from her daughter which she took to mean appellant would have sexual intercourse with her daughter. Because Parker did not know where her children were at that moment, she removed her shorts as appellant requested. Appellant attempted to have anal sex with Parker, made her perform oral sex, and penetrated her vaginally with an object which she believed to be his hand or his penis. In addition to threatening Parker's daughter, appellant threatened to kill Parker during the episode.

Before appellant finished, there was banging at the door by Oscar Hernandez, a neighbor of Parker's. Hernandez' wife, Hermalinda Zepeda, had been awakened by Parker's children who had come to the door screaming that a man was choking their mother. Zepeda called the police and wakened Hernandez who went to Parker's trailer.

Upon hearing the banging at the door, appellant jumped off of Parker. The latter then ran out the door yelling and crying that she had been raped. Thereafter, appellant was seen either pulling his pants up or buttoning them. He also came out on the porch, stood momentarily with Hernandez, and then ran away.

### Issue 1 - Legal and Factual Sufficiency

In his first issue, appellant contends the trial court should have granted his motion for directed verdict because the evidence is not sufficient to sustain the convictions. We overrule the issue.

2

The standards by which we review the legal and factual sufficiency of the evidence are well established. We refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Zuniga v. State,* 144 S.W.3d 477 (Tex. Crim. App. 2004); *Zuliani v. State,* 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000) for an explanation of them.

The State was required to prove that 1) appellant intentionally and knowingly caused the penetration of the female sexual organ and the mouth of Parker without her consent, 2) that by acts or words he threatened to cause or place her in fear that serious bodily injury and death would be imminently inflicted upon her and that serious bodily injury by aggravated sexual assault of a child would be inflicted upon her daughter, and 3) the acts or words of threat occurred in the presence of Parker. *See* TEX. PEN. CODE ANN. §22.021(a) (Vernon Supp. 2004-05). As to the burglary charges, the State had the burden to show that appellant intentionally and knowingly entered a habitation without the consent of Parker with the intent to commit the offense of aggravated sexual assault and that he intentionally and knowingly entered a habitation without the consent of Parker and attempted to commit or did commit the offense of aggravated sexual assault. *See id.* §30.02(a) (Vernon 2003).

Appellant argues that his statement shows his entry to Parker's home was consensual and that she instigated any sexual contact. Furthermore, he claims, other than Parker's "uncorroborated testimony and written statement," there is no evidence that a burglary or sexual assault took place.

However, the testimony of the victim alone is sufficient to support a conviction for aggravated sexual assault. *Jensen v. State,* 66 S.W.3d 528, 534 (Tex. App.–Houston [14th

3

Dist.] 2002, pet. ref'd); *Ruiz v. State,* 891 S.W.2d 302, 304 (Tex. App.–San Antonio 1993, pet. ref'd); *Aleman v. State,* 795 S.W.2d 332, 335 (Tex. App.–Amarillo 1990, no pet.). And, to the testimony of Parker about the unauthorized entry into her home and the physical and sexual assault by appellant, we must also add the evidence that 1) Parker's children reported to neighbors that their mother was being choked, 2) Hernandez saw appellant either pulling up his pants or buttoning them when he emerged from the trailer, 3) Parker was dressed in a black t-shirt without any pants at the time officers arrived, 4) Hernandez heard Parker yelling when he arrived outside her home, 5) Parker arrived at the hospital soon after the assault in an upset, disheveled state, with "numerous, obvious bruises and abrasions," and crying (behavior deemed consistent with that exhibited by a rape victim), 6) Parker sustained fresh pattern bruises from fingers as if being forcefully grabbed, 7) Parker had a tear on her tongue, and 8) it was not uncommon for there to be a lack of DNA or other physical evidence after a sexual assault.

This evidence, when considered with Parker's testimony, is sufficient for a rational trier of fact to reasonably conclude beyond a reasonable doubt that appellant committed aggravated sexual assault and burglary of a habitation as alleged in the two indictments. Moreover, even though appellant gave a statement that he entered the home with consent and any sexual contact was also consensual, the jury was free to disbelieve that evidence.[1] *Cain v. State,* 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997) (holding that the weight to give contradictory testimonial evidence is within the sole province of the jury). Considering all the evidence in a neutral light, we conclude that the evidence was both legally and factually sufficient to support conviction for each offense.

---

[1]Appellant initially denied to officers that he had ever been in the trailer.

4

### *Issue 2 - Cumulation of Sentences*

Appellant asserts in his second issue that the trial court erred in cumulating his sentences.  The State concedes this error.  Accordingly, we sustain the issue and will modify the judgments accordingly.

We reform the judgments to provide that the sentences levied upon appellant run concurrently to each other and affirm them as modified.

Per Curiam

Do not publish.