NO. 07-07-0481-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 3, 2008

______________________________


MICHELLE SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;

NO. 4839; HONORABLE DAVID MCCOY, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
          Appellant, Michelle Smith, filed a notice of appeal from the trial court’s order
deferring adjudication of guilt for tampering with a governmental record. The clerk’s record
filed on December 12, 2007, contains the Trial Court’s Certification of Defendant’s Right
of Appeal. However, the form does not comply with Rule 25.2(d) of the Texas Rules of
Appellate Procedure nor is it signed by Appellant as required by the Rule.



          Consequently, we abate this appeal and remand the cause to the trial court for
further proceedings. Upon remand, the trial court shall utilize whatever means necessary
to secure a Certification of Defendant’s Right of Appeal in compliance with Rule 25.2(d).


 
Once properly executed, the certification shall be included in a supplemental clerk’s record
and filed with this Court on or before January 25, 2008.
          It is so ordered.
                                                                           Per Curiam
Do not publish. 



iciency of the evidence, appellant seeks acquittal.


 He believes himself entitled to
same because the evidence of guilt generally came from one witness (the victim) and the
officers purportedly conducted a poor investigation which could have resulted in the loss
or contamination of evidence which could possibly have been exculpatory.


 We overrule
the issue. 
           A conviction for aggravated sexual assault may be sustained on the uncorroborated
testimony of the victim alone. See Tex. Code Crim. Proc. Ann. art. 38.07(a) (Vernon
2005); Aleman v. State, 795 S.W.2d 332, 335 (Tex. App.–Amarillo 1990, no pet.). 
Moreover, while the officers never identified the actual devices or weapons used by
appellant to assault the victim, it was not necessary that they be offered into evidence to
secure conviction. Aleman v. State, 795 S.W.2d at 335. 
 
          As for the purported inadequacies in the investigation, they encompassed its
thoroughness and tenor. Included therein was the officers’ failure to investigate appellant’s
explanation for having blood on his hands, their failure to conduct DNA testing on a curling
iron found at the scene, their failure to secure the crime site, and their decision to move the
victim’s bloody clothing from one room to another. So too did appellant decry the lack of
information imparted to medical personnel when conducting their examinations of the
victim. While these may or may not be deficiencies, appellant did not cite us to any
evidence illustrating the actual loss of exculpatory evidence. Instead, he merely posited
that such evidence could have been lost or that the crime scene could have been
contaminated. And, these matters were before the jury. 
          Also before the jury was evidence that the victim was hysterical when first
approached by officers, that the victim was severely beaten about her face, that the victim’s
pubic area was sore, that appellant had blood on his hands, that the victim’s bloody clothes
were found in the residence, that appellant did not immediately allow officers access to his
residence, that as the officers were required to remain outside they heard appellant moving
around inside, that a basket containing a curling iron had been moved, that it was not
possible to obtain DNA samples from a curling iron, and that appellant’s injuries were
inconsistent with appellant’s explanation about how they occurred. 
          Simply put, the evidence admitted at trial was far from uncontradicted. And even
if it raised concerns about the thoroughness of the official investigation, it did not
necessarily nullify the victim’s testimony about the attack. Rather, it gave rise to questions
of fact for the jury to resolve. Furthermore, the jury was free to weigh issues of credibility
and disbelieve appellant’s explanation for the victim’s injuries. And, given the state of the
evidence, we cannot say that resolving the disputes as it did was and is against the great
weight of the evidence. Nor is our confidence in the verdict undermined. In sum, the
evidence is factually sufficient to support the conviction. 
          Accordingly, we affirm the judgment. 
 
                                                                           Brian Quinn
                                                                          Chief Justice

Do not publish.