NO. 07-08-0371-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 30, 2009
______________________________


TOM BERNSON d/b/a BERNSON ENTERPRISES,

                                                                                                           Appellant

v.

TRANSIT MIX CONCRETE & MATERIALS COMPANY,

                                                                                                           Appellee
_________________________________

FROM THE 181st DISTRICT COURT OF RANDALL COUNTY;

NO. 57,326-B; HON. JOHN B. BOARD, PRESIDING
_______________________________

Dismissal
_________________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          Tom Bernson d/b/a Bernson Enterprises, appellant, appealed a judgment of the
181st District Court of Randall County in favor of Transit Mix Concrete & Materials
Company, appellee. On December 19, 2008, appellant and appellee, through their
counsel, filed a joint motion to abate the appeal and permit proceedings in the trial court
to effectuate a settlement agreement. See Tex. R. App. P. 42.1(a)(2)(C) (authorizing
same). The parties have reached an agreement to settle and compromise their differences
and disputes, not only on the issues which are the subject of this appeal, but also in
collateral proceedings. We abated the cause to the trial court so that the settlement can
be effectuated, and the clerk’s record now on file shows that to have occurred.
          Accordingly, we reinstate the appeal and dismiss it as settled. Having dismissed the
appeal as a result of the settlement, no motion for rehearing will be entertained, and our
mandate will issue forthwith.
          It is so ordered.
 
                                                                           Per Curiam



ref'd); Aleman v. State, 795 S.W.2d 332, 335 (Tex. App.-Amarillo 1990, no pet.). And,
to the testimony of Parker about the unauthorized entry into her home and the physical and
sexual assault by appellant, we must also add the evidence that 1) Parker's children
reported to neighbors that their mother was being choked, 2) Hernandez saw appellant
either pulling up his pants or buttoning them when he emerged from the trailer, 3) Parker
was dressed in a black t-shirt without any pants at the time officers arrived, 4) Hernandez
heard Parker yelling when he arrived outside her home, 5) Parker arrived at the hospital
soon after the assault in an upset, disheveled state, with "numerous, obvious bruises and
abrasions," and crying (behavior deemed consistent with that exhibited by a rape victim),
6) Parker sustained fresh pattern bruises from fingers as if being forcefully grabbed, 7)
Parker had a tear on her tongue, and 8) it was not uncommon for there to be a lack of DNA
or other physical evidence after a sexual assault. 

 This evidence, when considered with Parker's testimony, is sufficient for a rational
trier of fact to reasonably conclude beyond a reasonable doubt that appellant committed
aggravated sexual assault and burglary of a habitation as alleged in the two indictments.
Moreover, even though appellant gave a statement that he entered the home with consent
and any sexual contact was also consensual, the jury was free to disbelieve that evidence. (1) 
Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997) (holding that the weight to
give contradictory testimonial evidence is within the sole province of the jury). Considering
all the evidence in a neutral light, we conclude that the evidence was both legally and
factually sufficient to support conviction for each offense.

Issue 2 - Cumulation of Sentences 


 Appellant asserts in his second issue that the trial court erred in cumulating his
sentences. The State concedes this error. Accordingly, we sustain the issue and will
modify the judgments accordingly.

 We reform the judgments to provide that the sentences levied upon appellant run
concurrently to each other and affirm them as modified.


 Per Curiam

Do not publish. 

 

 
1. Appellant initially denied to officers that he had ever been in the trailer.