NO. 07-08-0510-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 1, 2009
_____

RAY HERNANDEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-415,557; HON. CECIL G. PURYEAR, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Ray Hernandez was convicted of aggravated sexual assault with a deadly weapon finding and sentenced to life imprisonment. He appeals that conviction by contending the evidence is factually insufficient to support it. We disagree and affirm the judgment.

The standard by which we review the factual sufficiency of the evidence is discussed in *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006) to which we refer the parties. Furthermore, and given the allegations in the indictment, the State was

required to prove that appellant intentionally and knowingly caused the penetration of the female sexual organ of the victim by an unknown object without her consent and that he compelled her to submit or participate by physical force or violence while using or exhibiting a deadly weapon, *i.e.* a knife. *See* TEX. PENAL CODE ANN. §22.021(a)(1)(A)(i) & (2)(A)(iv) (Vernon Supp. 2008).

As appellant points out, he was convicted primarily on the testimony of the alleged victim, his live-in girlfriend. She testified that appellant became angry, severely beat her, held a knife to her throat, and then penetrated her vaginally with an unknown object, possibly a curling iron. Though complaining about the factual, as opposed to legal, sufficiency of the evidence, appellant seeks acquittal.[1] He believes himself entitled to same because the evidence of guilt generally came from one witness (the victim) and the officers purportedly conducted a poor investigation which could have resulted in the loss or contamination of evidence which could possibly have been exculpatory.[2] We overrule the issue.

A conviction for aggravated sexual assault may be sustained on the uncorroborated testimony of the victim alone. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (Vernon 2005); *Aleman v. State,* 795 S.W.2d 332, 335 (Tex. App.–Amarillo 1990, no pet.). Moreover, while the officers never identified the actual devices or weapons used by appellant to assault the victim, it was not necessary that they be offered into evidence to secure conviction. *Aleman v. State,* 795 S.W.2d at 335.

---

[1]Appellant challenges only the factual sufficiency of the evidence for which the remedy is reversal and remand for a new trial. *Grotti v. State,* 273 S.W.3d 273, 279-80 (Tex. Crim. App. 2008).

[2]He also asserts that the officers were negligent in not entering his house to prevent him from destroying or secreting potentially *inculpatory* evidence.

As for the purported inadequacies in the investigation, they encompassed its thoroughness and tenor. Included therein was the officers' failure to investigate appellant's explanation for having blood on his hands, their failure to conduct DNA testing on a curling iron found at the scene, their failure to secure the crime site, and their decision to move the victim's bloody clothing from one room to another. So too did appellant decry the lack of information imparted to medical personnel when conducting their examinations of the victim. While these may or may not be deficiencies, appellant did not cite us to any evidence illustrating the actual loss of exculpatory evidence. Instead, he merely posited that such evidence could have been lost or that the crime scene could have been contaminated. And, these matters were before the jury.

Also before the jury was evidence that the victim was hysterical when first approached by officers, that the victim was severely beaten about her face, that the victim's pubic area was sore, that appellant had blood on his hands, that the victim's bloody clothes were found in the residence, that appellant did not immediately allow officers access to his residence, that as the officers were required to remain outside they heard appellant moving around inside, that a basket containing a curling iron had been moved, that it was not possible to obtain DNA samples from a curling iron, and that appellant's injuries were inconsistent with appellant's explanation about how they occurred.

Simply put, the evidence admitted at trial was far from uncontradicted. And even if it raised concerns about the thoroughness of the official investigation, it did not necessarily nullify the victim's testimony about the attack. Rather, it gave rise to questions of fact for the jury to resolve. Furthermore, the jury was free to weigh issues of credibility and disbelieve appellant's explanation for the victim's injuries. And, given the state of the

evidence, we cannot say that resolving the disputes as it did was and is against the great weight of the evidence.  Nor is our confidence in the verdict undermined.  In sum, the evidence is factually sufficient to support the conviction.

Accordingly, we affirm the judgment.


Brian Quinn
Chief Justice

Do not publish.