Benjamin DAVIDSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 59377.

Court of Criminal Appeals of Texas, Panel No. 1.

July 16, 1980.

P. David Wahlberg, Austin, for appellant.

Ronald Earle, Dist. Atty., and Bill White, Asst. Dist. Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of aggravated robbery. The punishment, enhanced by a prior felony conviction, was assessed by the jury at imprisonment for twenty years.

Appellant contends the evidence is insufficient to prove that the knife he brandished was, as is alleged, a deadly weapon; consequently, he says the evidence is insufficient to sustain his conviction for aggravated robbery.

The indictment alleges, in part, that appellant

"did then and there by using and exhibiting a deadly weapon, to-wit: a knife, intentionally and knowingly threaten and place John Coleman in fear of imminent bodily injury and death . . . ."

V.T.C.A. Penal Code, Sec. 1.07(a)(11), provides:

"(11) 'Deadly weapon' means:

"(A) A firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

"(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."

On September 14, 1977, appellant's behavior in a Safeway store attracted the attention of one of the store's employees, who alerted John Coleman, a frozen food clerk. Coleman observed appellant place some packages of camera film inside his pants, and leave the store without paying for them. Coleman and two other Safeway employees followed appellant into the parking lot, where Coleman tried to persuade him to reenter the store. Appellant turned on Coleman with an open knife in his hand, and said "if you come any closer I'm going to cut you." Coleman stated he was five or six feet away from appellant, and did not come any closer. Coleman pulled a cardboard box cutter out of his pocket to defend himself if necessary. Appellant, after walking backwards a short distance, turned and ran. Coleman, accompanied part of the way by other Safeway employees, chased him for a mile or so. Appellant was discovered exhausted, leaning against a shed, and taken into police custody. Coleman testified appellant had the knife in his hand during part of the chase. The knife was not found.

Coleman testified that the knife appellant was carrying was about six inches long, with a pointed blade two-and-a-half to three inches long and half an inch wide. He stated that he was placed in fear of imminent bodily injury or death. Pedro Rodriguez, one of the other Safeway employees who chased appellant, stated that the knife blade was about four or five inches long, although he also acknowledged he was a poor judge of size and distance. Timothy Wooten, another pursuing Safeway employee, estimated the knife blade to be "about three or four inches long," but he stated he wouldn't disagree with Coleman's estimate, since Coleman was closer. Appellant did not actually wound anyone with the knife, nor was its potential to inflict serious bodily injury or death established by the State through expert testimony.

Appellant argues that this evidence is insufficient to establish that the knife he exhibited was a deadly weapon. For the reasons stated below, we agree and reverse.

A knife is not a deadly weapon per se. *Williams v. State*, 575 S.W.2d 30 (Tex. Cr.App.1979); *Limuel v. State*, 568 S.W.2d 309 (Tex.Cr.App.1978). It can qualify as a deadly weapon by showing the manner of its use, its size and shape, and its capacity to produce death or serious bodily injury. *Denham v. State*, 574 S.W.2d 129 (Tex.Cr. App.1978); *McElroy v. State*, 528 S.W.2d 831 (Tex.Cr.App.1975).

As we have recently stated in *Denham v. State*, supra, although wounds are a factor to be considered in determining the character of a weapon, wounds need not be inflicted before a knife can be determined to be a deadly weapon. See also, *Cruz v. State*, 576 S.W.2d 841 (Tex.Cr.App. 1979). Nor is expert testimony required. *Harris v. State*, 562 S.W.2d 463 (Tex.Cr. App.1978), and *Danzig v. State*, 546 S.W.2d 299 (Tex.Cr.App.1977), relied upon by appellant, were overruled by *Denham* to the extent that they required expert testimony to establish the character of a weapon. Although such expert testimony is not the only way to establish that a knife is a deadly weapon, it may still be particularly useful in supplementing meager evidence on the issue in order to meet the sufficiency requirement.

In the following cases, we found there was sufficient evidence to show a knife to be a deadly weapon. In *Hubbard v. State*,

579 S.W.2d 930 (Tex.Cr.App.1979), the defendant, demanding money, held a long-bladed butcher knife to the complainant's throat and threatened to cut her throat. In *Hart v. State*, 581 S.W.2d 675 (Tex.Cr.App. 1979), the defendant stabbed the complainant twice with a pocket knife; one wound required twenty stitches. In *Cruz v. State*, 576 S.W.2d 841 (Tex.Cr.App.1979), the defendant stabbed the complainant several times; one wound required twenty-five stitches and impaired the complainant's use of his arm for three months. In *Denham v. State*, supra, the defendant stabbed the complainant with a seven or eight inch blade butcher knife; the complainant testified he believed the knife could kill him. In *Limuel v. State*, 568 S.W.2d 309 (Tex.Cr. App.1978), the defendant placed a pocket knife at his victim's throat, then stabbed him in the stomach. The victim testified he spent ten days in the hospital.

We found insufficient evidence of a deadly weapon in *Alvarez v. State*, 566 S.W.2d 612 (Tex.Cr.App.1978), in which the defendant was charged with aggravated assault with a deadly weapon. The evidence showed that Weaver, a police officer, instructed five or six people who were fighting to stop and drop their weapons. All obeyed except the defendant, who advanced on Weaver brandishing "a wooden handled, hook-type linoleum knife." The defendant swung at Weaver with the knife, missed, and Weaver shot him in the leg. Defendant continued to advance and only dropped his knife when Weaver threatened to kill him otherwise. This Court, holding the evidence was insufficient to establish the knife was a deadly weapon as defined in V.T.C.A. Penal Code, Sec. 1.07(a)(11)(B), stated:

> "In the present case, Weaver suffered no wounds. There was no testimony as to the *size* of the knife's blade, although Weaver testified it looked sharp. Weaver did testify that he was in fear of serious bodily injury or death while the appellant brandished the knife."

566 S.W.2d at 614 [emphasis in original.]

The facts in the present case are clearly distinguishable from those in *Hubbard,* *Hart, Cruz, Williams, Denham,* and *Limuel,* and are analogous to those in *Alvarez.* In the present case Coleman suffered no wounds. He testified the blade of the knife was from two-and-a-half to three inches long, and the other witnesses deferred to his judgment. Coleman was five or six feet away when appellant gestured at him with the knife, and he did not come closer. He testified that he was in fear of serious bodily injury or death, but explained this was because a friend of his had previously been hurt in an encounter in a parking lot by an assailant wielding a screwdriver. The knife was not introduced into evidence, nor did the State establish its possible potential for harm through hypothetical questions to an expert on weapons.

Even though there was proof of the knife's size, we find, as in *Alvarez*, that the evidence in the present case is insufficient to show that the defendant used or intended to use the knife so as to inflict serious bodily harm or death. See *Harris v. State*, 562 S.W.2d 463 (Tex.Cr.App.1978), and cases there discussed. Cf. *Dominique v. State*, 598 S.W.2d 285 (Tex.Cr.App.1980). The evidence is therefore insufficient to show that the appellant used or exhibited a "deadly weapon," thereby committing aggravated robbery as alleged in the indictment.

Although the evidence is insufficient to support the conviction for *aggravated robbery* it is sufficient to support a conviction for the lesser included offense of robbery. Since the punishment was assessed by the jury the case must be remanded for a new trial.

Accordingly, the judgment is reversed and the cause remanded.