NO. 07-03-0484-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 30, 2004


______________________________



JACOB GROSS, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 110TH DISTRICT COURT OF FLOYD COUNTY;



NO. 4137; HON. JOHN R. HOLLUMS, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Appellant Jacob Gross challenges his conviction for aggravated assault through one
issue. In it, he contends that the evidence was legally and factually insufficient to support
a finding that the knife used by him during the assault was a deadly weapon. We overrule
the issue and affirm the judgment of the trial court.

 The Law

 The applicable standards for legal and factual sufficiency are well settled and fully
discussed in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), Sims
v. State, 99 S.W.3d 600 (Tex. Crim. App. 2003), Zuliani v. State, 97 S.W.3d 589 (Tex.
Crim. App. 2003), and King v. State, 29 S.W.3d 556 (Tex. Crim. App. 2000). We refer the
parties to those opinions for an explanation of same. 

 When an indictment alleges that appellant "use[d] or exhibit[ed] a deadly weapon,
to wit: a knife," the evidence must establish that the knife was actually deadly. Lockett v.
State, 874 S.W.2d 810, 814 (Tex. App.--Dallas 1994, pet. ref'd). The Penal Code defines
a "deadly weapon" as "anything manifestly designed, made, or adapted for the purpose of
inflicting death or serious bodily injury; or . . . anything that in the manner of its use or
intended use is capable of causing death or serious bodily injury. . . . " Tex. Pen. Code Ann.
§1.07(a)(17) (A) & (B) (Vernon Supp. 2004). Although a knife is not a deadly weapon per
se, Thomas v. State, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991), it may be shown to be
so via evidence of its size, shape, sharpness, manner of use or intended use, and its
capacity to produce death or serious injury. Billey v. State, 895 S.W.2d 417, 420 (Tex.
App.--Amarillo 1995, writ ref'd). Additionally, evidence of the use of expressed or implied
threats, the distance between the accused and the victim, and the victim's description of
the knife are also indicia susceptible to consideration, id., as is evidence of wounds caused
by the weapon. Davidson v. State, 602 S.W.2d 272, 273 (Tex. Crim. App. 1980). Finally,
while expert testimony regarding the deadly nature of a knife need not be produced to
secure a conviction, it can nonetheless be useful. Davidson v. State, 602 S.W.2d at 273; 
Lockett v. State, 874 S.W.2d at 814. 

 Application of Law to Facts

 As depicted by a scale picture of it which appears of record, the knife used on the
female complainant at bar measured approximately twelve and one-half inches from blade
point to handle end. The blade alone approximated six and one-half to seven inches long
and was not only sharply pointed but also serrated in part. Moreover, the blade's edge was
sufficiently sharp to cut the victim's hand as she attempted to push it away. Also of record
is evidence that appellant held the weapon against his victim's throat and chin while
verbally threatening to kill her. The presence of the weapon, its manner of use, and
appellant's threats of death also caused the young lady to become so scared she
eventually urinated in her pants. Finally, the local chief of police, who had been in law
enforcement for 17 years and taught hunter education courses, replied that the instrument
"definitely" was a deadly weapon when so asked by the prosecutor. Indeed, even appellant
himself described the knife as a "big" one.

 Unlike the case of Tisdale v. State, 686 S.W.2d 110 (Tex. Crim. App. 1984), upon
which appellant relies, more appears of record here than the mere knife. Along with it, we
have verbal threats coupled with implied threats. We have evidence of it being sharp
enough to cut skin. We have evidence of its placement next to a body region through
which arteries of blood and air crucial to life flowed. We have evidence of extreme fear
cause by appellant and his knife. And we also have a witness expressly characterizing the
knife as deadly. These indicia combined to allow a rational jury to conclude, beyond
reasonable doubt, that the weapon was capable of causing death or serious bodily injury 
in the manner of its use or intended use. And, such a finding, when tested against the
entire record, would be neither manifestly unjust or contrary to the overwhelming weight of
the evidence. Given this, we conclude that the evidence is both legally and factually
sufficient to permit a jury to lawfully find that appellant used or exhibited a deadly weapon
during the assault. 

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn 

 Justice

 

Do not publish.

 

 





 



ing on it to permit the State to reopen
its evidence to prove venue. Finding appellant’s point of error has not been preserved for
our review, we affirm.



          By a June 2006 indictment, appellant was charged with intentionally or knowingly
possessing cocaine in an amount of one gram but less than four grams.


 The case
proceeded to a trial before a jury following his plea of not guilty. Evidence showed that
police found 3.8 grams of crack cocaine in a closet of a residence, and that appellant told
officers he hid the cocaine there. Appellant testified at trial, denying knowledge of the
cocaine in the residence. He admitted he confessed to officers he possessed the cocaine
but testified he did so out of fear of another person.
          After the State rested, appellant moved for an instructed verdict because the State
had not presented evidence of venue. The State moved to reopen its case to do so. After
taking a recess to review case law, the trial court granted the State’s motion over
appellant’s objection. The State then recalled the investigator and established the events
occurred in Nacogdoches County. Thereafter, the jury found appellant guilty as charged
in the indictment and assessed punishment at confinement for a term of five years. As
recommended by the jury, the trial court probated the sentence, placing appellant on
community supervision for a term of five years. This appeal followed.
          Appellant contends, through his appellate issue, that the trial court’s application of
article 36.02 of the Texas Code of Criminal Procedure to permit reopening of the State’s
case violated his right to due process of law guaranteed him through the Fourteenth
Amendment to the United States Constitution. His argument relies primarily on the
statements of the Court of Criminal Appeals in Peek v. State that some language of the
statute is “inherently vague” and ambiguous. Peek v. State, 106 S.W.3d 72, 78
(Tex.Crim.App. 2003). After review of the record, we conclude that appellant’s challenge
to the constitutionality of article 36.02 is not properly before us.
          Article 36.02 states that the “court shall allow testimony to be introduced at any time
before the argument of a cause is concluded, if it appears that it is necessary to a due
administration of justice.” Tex. Code Crim. Proc. Ann. art. 36.02 (Vernon 2007). The 
Court of Criminal Appeals has noted that the article, although not expressly so limited, “has
generally been applied in those cases where a party has moved to ‘reopen’ the evidence
after he has rested or closed at trial.” Love v. State, 861 S.W.2d 899, 903 n.4
(Tex.Crim.App. 1993).


 
 
          Challenges to the constitutionality of a statute take two forms: the statute is
unconstitutional as it was applied to the defendant, or the statute is unconstitutional on its
face. Barnett v. State, 201 S.W.3d 231, 232 (Tex.App.–Fort Worth 2006, no pet.), citing
Fluellen v. State, 104 S.W.3d 152, 167 (Tex.App.–Texarkana 2003, no pet.). As we read
appellant’s argument, he contends article 36.02 is unconstitutional as applied to him. Such
a contention may not be raised for the first time on appeal, but must first be raised in the
trial court. Barnett, 201 S.W.3d at 232, citing Curry v. State, 910 S.W.2d 490, 496
(Tex.Crim.App. 1995). As noted, appellant objected to the State reopening its case to
prove venue. Counsel stated, “I’d just like to object to allowing the State to reopen, and
then I will request a running objection to any testimony.” The court granted his running
objection. The objection did not assert the unconstitutional application of article 36.02, and
so did not preserve that contention for appellate review. See Wilson v. State, 71 S.W.3d
346, 349 (Tex.Crim.App. 2002); Rezac v. State, 782 S.W.2d 869, 870 (Tex.Crim.App.
1990) (objection on one legal theory will not support point of error on different theory).
          Our conclusion is the same if we read appellant’s brief to assert that article 36.02
is unconstitutional on its face. Case law provides that a defendant is not required to raise
in the trial court a constitutional challenge that the statute on which his conviction is based
is facially invalid, but may raise such a challenge for the first time on appeal. Barnett, 201
S.W.3d at 232, citing Garcia v. State, 887 S.W.2d 846, 861 (Tex.Crim.App. 1994), cert.
denied, 514 U.S. 1005, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995). Appellant’s conviction
is based on § 481.115(c) of the Health & Safety Code, not on article 36.02, which simply
addresses procedure for the taking of testimony at trial. Appellant’s constitutional
challenge to the procedural statute must first have been raised at trial, even if he is
contending it is unconstitutional on its face. See Lasher v. State, 202 S.W.3d 292, 295
(Tex.App.–Waco 2006, pet. ref’d); Barnett, 201 S.W.3d at 232; McGowan v. State, 938
S.W.2d 732, 739 (Tex.App.–Houston [14th Dist.] 1996) (op. on reh’g), aff’d on other
grounds, Weightman v. State, 975 S.W.2d 621 (Tex.Crim.App. 1998); Webb v. State, 899
S.W.2d 814, 818 (Tex.App.–Waco 1995, pet. ref’d) (all discussing application of error
preservation rules to constitutional challenges).
           Having concluded appellant’s point of error was not preserved for our review, we
overrule it and affirm the judgment of the trial court.
 
James T. Campbell

Justice



 

Publish.