NO. 07-03-0484-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 30, 2004
_____

JACOB GROSS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 110TH DISTRICT COURT OF FLOYD COUNTY;

NO. 4137; HON. JOHN R. HOLLUMS, PRESIDING
_____

*Memorandum Opinion*
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Appellant Jacob Gross challenges his conviction for aggravated assault through one issue.  In it, he contends that the evidence was legally and factually insufficient to support a finding that the knife used by him during the assault was a deadly weapon.  We overrule the issue and affirm the judgment of the trial court.

*The Law*

The applicable standards for legal and factual sufficiency are well settled and fully discussed in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Sims*

*v. State,* 99 S.W.3d 600 (Tex. Crim. App. 2003), *Zuliani v. State*, 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000). We refer the parties to those opinions for an explanation of same.

When an indictment alleges that appellant "use[d] or exhibit[ed] a deadly weapon, to wit: a knife," the evidence must establish that the knife was actually deadly. *Lockett v. State,* 874 S.W.2d 810, 814 (Tex. App.--Dallas 1994, pet. ref'd). The Penal Code defines a "deadly weapon" as "anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or . . . anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. . . . " TEX. PEN. CODE ANN. §1.07(a)(17) (A) & (B) (Vernon Supp. 2004). Although a knife is not a deadly weapon *per se*, *Thomas v. State,* 821 S.W.2d 616, 620 (Tex. Crim. App. 1991), it may be shown to be so via evidence of its size, shape, sharpness, manner of use or intended use, and its capacity to produce death or serious injury. *Billey v. State,* 895 S.W.2d 417, 420 (Tex. App.--Amarillo 1995, writ ref'd). Additionally, evidence of the use of expressed or implied threats, the distance between the accused and the victim, and the victim's description of the knife are also indicia susceptible to consideration, *id.*, as is evidence of wounds caused by the weapon. *Davidson v. State*, 602 S.W.2d 272, 273 (Tex. Crim. App. 1980). Finally, while expert testimony regarding the deadly nature of a knife need not be produced to secure a conviction, it can nonetheless be useful. *Davidson v. State,* 602 S.W.2d at 273; *Lockett v. State,* 874 S.W.2d at 814.

*Application of Law to Facts*

As depicted by a scale picture of it which appears of record, the knife used on the female complainant at bar measured approximately twelve and one-half inches from blade

point to handle end. The blade alone approximated six and one-half to seven inches long and was not only sharply pointed but also serrated in part. Moreover, the blade's edge was sufficiently sharp to cut the victim's hand as she attempted to push it away. Also of record is evidence that appellant held the weapon against his victim's throat and chin while verbally threatening to kill her. The presence of the weapon, its manner of use, and appellant's threats of death also caused the young lady to become so scared she eventually urinated in her pants. Finally, the local chief of police, who had been in law enforcement for 17 years and taught hunter education courses, replied that the instrument "definitely" was a deadly weapon when so asked by the prosecutor. Indeed, even appellant himself described the knife as a "big" one.

Unlike the case of *Tisdale v. State*, 686 S.W.2d 110 (Tex. Crim. App. 1984), upon which appellant relies, more appears of record here than the mere knife. Along with it, we have verbal threats coupled with implied threats. We have evidence of it being sharp enough to cut skin. We have evidence of its placement next to a body region through which arteries of blood and air crucial to life flowed. We have evidence of extreme fear cause by appellant and his knife. And we also have a witness expressly characterizing the knife as deadly. These indicia combined to allow a rational jury to conclude, beyond reasonable doubt, that the weapon was capable of causing death or serious bodily injury in the manner of its use or intended use. And, such a finding, when tested against the entire record, would be neither manifestly unjust or contrary to the overwhelming weight of the evidence. Given this, we conclude that the evidence is both legally and factually sufficient to permit a jury to lawfully find that appellant used or exhibited a deadly weapon during the assault.

3

Accordingly, the judgment of the trial court is affirmed.


                                              Brian Quinn
                                                Justice



Do not publish.