NO. 07-04-0482-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 19, 2005

_____


GUADALUPE VASQUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-404954; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Guadalupe Vasquez was convicted by a jury of aggravated assault on a public servant and sentenced to 99 years confinement and a $10,000 fine. He was also convicted of assault on a public servant and sentenced to ten years confinement and a $10,000 fine. By a single issue, appellant contends the State's

evidence is factually insufficient to support an affirmative finding that he used a deadly weapon during the commission of the assault. We affirm.

Appellant was arrested for assaulting a police officer in a nightclub parking lot. Officer Jeremy Winters was on patrol outside the Latin Paradise Club when he observed appellant trying to enter a locked vehicle. Due to recent vehicle burglaries in the area, Officer Winters approached appellant and asked for identification. Appellant was unable to produce any identification but informed the officer the vehicle belonged to a friend. While Officer Winters attempted to verify the registered owner of the vehicle, appellant made several attempts to walk back into the nightclub. On the third attempt, Officer Winters grabbed appellant's arm and began walking him back toward the vehicle. Appellant pushed the officer to the ground and a struggle ensued.

During the struggle, Officer Winters observed what appeared to be a small rock in appellant's hand. In an attempt to subdue appellant, the officer pulled out his baton and struck appellant on the back of the leg causing him to fall to the ground. After appellant got back on his feet, Officer Winters saw him swinging the rock and acting "as if he was going to throw it." However, he did not hit the officer with the rock. At some point, appellant fled to a nearby railroad track. There, Officer Winters heard appellant say, "I've got a rock for you" and saw a large, silver rock in his hand. Shortly thereafter, backup officers arrived on the scene and appellant was taken into custody. At the punishment phase of trial, appellant admitted to assaulting the officer but denied ever threatening him with a rock.

2

By his sole issue on appeal, appellant contends the evidence is factually insufficient to prove he used a rock as a deadly weapon in the assault. Specifically, appellant maintains Officer Winters's testimony is insufficient because no rock was proffered into evidence and because the State failed to present any expert testimony as to whether the rocks qualified as deadly weapons. He further claims, since he never hit the officer, the rock only had a hypothetical capability of causing death or serious bodily injury. We disagree.

When reviewing a factual sufficiency claim, we must view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex.Cr.App. 1996). We must determine, considering all of the evidence in a neutral light, whether the jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Cr.App. 2004). However, we must give deference to the jury verdict and their determinations involving the credibility of witnesses. *Clewis*, 922 S.W.2d at 135 (holding "courts 'are not free to reweigh the evidence and set aside a jury verdict merely because the judges feel that a different result is more reasonable.'" (citing Pool v. Ford Motor Co., 715 S.W.2d 629, 634 (Tex. 1986)).

There are two ways evidence may be insufficient. *Zuniga*, 144 S.W.3d at 484. First, evidence supporting the verdict may be too weak to support a guilty verdict beyond a reasonable doubt. *Id.* Second, there may be both evidence supporting the verdict and

evidence contrary to the verdict. Evidence is factually insufficient if, when weighing all the evidence, the contrary evidence is so strong that the beyond-a-reasonable-doubt standard could not have been met. *Id.* at 485. Under this standard, evidence of guilt can "preponderate" in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt. *Id.*

However, before determining whether the evidence is factually sufficient to sustain the finding, we must review the essential elements the State was required to prove. A defendant commits aggravated assault if he (1) causes serious bodily injury to another, or (2) uses or exhibits a deadly weapon during the commission of an assault. Tex. Pen. Code Ann. § 22.02(a) (Vernon Supp. 2004-05). Because a rock is not a deadly weapon per se, the State must prove "that in the manner of its use or intended use [it was] capable of causing death or serious bodily injury." *Id.* at §1.07(a)(17)(B). Serious bodily injury is defined as "bodily injury that creates a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* at (46). The statute does not require that the actor actually intend death or serious bodily injury, only that the object used is capable of causing death or serious bodily injury. McCain v. State, 22 S.W.3d 497, 503 (Tex.Cr.App. 2000).

Whether an object qualifies as a deadly weapon depends upon the evidence presented. *See* Thomas v. State, 821 S.W.2d 616, 620 (Tex.Cr.App. 1991). This Court has previously recognized that expert testimony is not required to determine the nature of a weapon nor is it necessary that the weapon be introduced into evidence for the State to

4

meet its burden of proof. Aleman v. State, 795 S.W.2d 332, 335 (Tex.App.–Amarillo 1990, no pet.) (citing Morales v. State, 633 S.W.2d 866, 868 (Tex.Cr.App. 1982). Also, it is unnecessary to show that any wounds were inflicted. Davidson v. State, 602 S.W.2d 272, 273 (Tex.Cr.App. 1980). However, where no actual injury is sustained, the State must present evidence of other factors to establish that an object is a deadly weapon. *See* Victor v. State, 874 S.W.2d 748, 751 (Tex.App.–Houston [1st Dist.] 1994, pet. ref'd). Factors to consider in that determination include the dimensions and sharpness of the object, the manner of its use, testimony of its life-threatening capabilities, and the physical proximity of the accused and the victim. *See Thomas*, 821 S.W.2d at 620. S*ee also* Davis v. State, 22 S.W.3d 638, 641 (Tex.App.–Waco 2000, pet. ref'd); Garcia v. State, 17 S.W.3d 1, 4 (Tex.App.–Houston [1st Dist.] 1999, pet. ref'd). The essential question is determining whether sufficient evidence was presented to establish that a defendant used or intended to use the object in a manner "capable" of causing serious bodily injury or death. Alvarez v. State, 566 S.W.2d 612, 614 (Tex.Cr.App. 1978).

Here, Officer Winters testified that he was threatened with two different rocks while trying to subdue appellant. He testified the first rock was "smaller" and the second rock was silver and larger than appellant's hand. In both instances, he observed appellant swinging the rocks at him "as if he wanted to cause injury," and at one point, he heard appellant say, "I've got a rock for you." Officer Winters said he feared for his safety and believed appellant would have struck him with the rocks had he not avoided them. He also testified the rocks were being used in a manner capable of causing death or serious bodily

5

injury and discussed several hypothetical injuries he believed could have resulted if he were struck by one of the rocks.

In support of his proposition, appellant relies on *Davidson*, 602 S.W.2d at 274, which found the evidence insufficient to establish that a knife with a two and one-half to three inch blade was a deadly weapon. In that case, a grocery store employee observed Davidson shoplifting camera film. *Id.* at 273. As Davidson left the store, the employee who observed the shoplifting, accompanied by two other employees, confronted him. *Id.* Davidson turned the knife on one of the employees and said, "If you come any closer, I'm going to cut you." *Id.* The employee pulled a cardboard box cutter from his pocket to defend himself, and Davidson turned and ran. *Id.* Although the knife used in that case was not produced in evidence, the employee testified to the size of the knife and said he was placed in fear of death or imminent bodily injury. *Id.*

In reaching its holding, the Court noted that while the blade was two and one-half to three inches long, the victim was five or six feet away when appellant gestured at him with the knife and that appellant did not come closer but turned and ran away. *Id.* at 274. Furthermore, the victim in that case qualified his testimony that he was in fear of death or imminent bodily injury by explaining that a friend of his had been previously hurt by a person with a screwdriver in an encounter in a parking lot. *Id.* The court further acknowledged that the knife was not introduced into evidence and that the State had failed to establish the knife's potentiality for harm through the use of a weapons expert. *Id.*

6

Although facially similar, the present case is distinguishable from *Davidson* in several ways. First, unlike the victim in *Davidson*, Officer Winters was in close proximity to his assailant and had to step back to avoid being hit with the rock. Second, when the two men were apart, appellant threatened to throw the rock. Finally, Officer Winters was fearful of the rock causing him serious bodily injury or death due to the manner in which it was being used, whereas the employee in *Davidson* feared the weapon because his friend had been injured in a similar encounter. Considering these differences, we find appellant's reliance on *Davidson* to be misplaced.

After reviewing the entire record, we conclude the evidence was sufficient to enable a jury to rationally conclude appellant used or exhibited a rock during the commission of the assault and that, in the manner of its use, the rock constituted a deadly weapon. Appellant's point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.