NO. 07-11-0387-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 15, 2012
_____

ISAAC DAVID ARELLANO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 63,129-E; HONORABLE DOUGLAS WOODBURN, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant Isaac David Arellano appeals his conviction of aggravated assault with a deadly weapon. He contends in three issues that 1) the evidence was legally and factually insufficient to sustain the conviction, and 2) the trial court improperly excluded a witness' testimony. We affirm the judgment.

*Background*

On the night of January 23, 2011, around 2:30 a.m., Hugh Potts and his girlfriend Diana Doyle were watching a video in their bedroom along with Doyle's sister and

boyfriend. Appellant, who lived down the street and whose mother was a longtime friend of Doyle's, knocked on the door. Potts let appellant in the house. Although Potts did not see it initially, appellant was carrying a large knife. Potts returned to the bedroom with appellant, who appeared intoxicated and waved the knife around. Appellant then went into the living room with the other people. Doyle's sister became upset, and she and her boyfriend went into the bedroom to get Potts. He grabbed some bear spray and returned to the living room where appellant was poking holes in a large welding machine box. Potts told appellant to cease what he was doing, and Potts sat down on the couch. Appellant then slammed the blade of the knife down on Potts' leg, cutting it. Potts sprayed appellant with the bear spray, and appellant left with the knife. Potts and his girlfriend went to the emergency room where he had sixteen stitches to sew up the cut.

*Sufficiency of the Evidence*

Appellant challenges the legal and factual sufficiency of the evidence to show that he used a deadly weapon that in the manner and means of its intended use was capable of causing death or serious bodily injury. We review challenges to the legal and factual sufficiency of the evidence under one standard as discussed in *Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010).

One of the definitions of a deadly weapon is anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. TEX. PENAL CODE ANN. §1.07(a)(17)(B) (West Supp. 2011). Serious bodily injury is injury that creates a substantial risk of death or that causes death, serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or

organ.  *Id.* §1.07(a)(46).  The State need not prove that serious bodily injury was actually incurred by the victim but only that the intended use was capable of causing such injury.  *Tucker v. State,* 274 S.W.3d 688, 691 (Tex. Crim. App. 2008).  A knife may be established as a deadly weapon by a description of the knife's size, shape and sharpness, the manner in which it was used, the words spoken by the assailant, the physical proximity between the victim and the knife, and the nature of the wounds caused.  *Rivera v. State,* 271 S.W.3d 301, 304 (Tex. App.–San Antonio 2008, no pet.); *Lowe v. State,* 211 S.W.3d 821, 827-28 (Tex. App.–Texarkana 2006, pet. ref'd).  Expert testimony on the subject is not required.  *Tucker v. State,* 274 S.W.3d at 692; *Davidson v. State,* 602 S.W.2d 272, 273 (Tex. Crim. App. 1980).

The weapon was never located and so was not admitted into evidence at trial.  However, Potts described the knife as "a machete" with a blade and handle of about two and a half feet and a pointed tip.  It appeared to him to be "very sharp," and he stated that appellant made a "pretty good slam" with it on Potts' shin and brought the blade down from above his head.  Doyle also described the knife as a machete.  Additionally, there was testimony that, prior to injuring Potts, appellant was waving the knife around, poking and kicking at a box, being argumentative, stating "he would take anything out of that house he wanted to," acting tough, and stating "no one disrespects me."  Potts estimated his laceration to be about an inch deep and three inches long, and it required sixteen stitches to close.  Photographs of the wound appear in the record.

This is some evidence from which a jury could have inferred that appellant's intended use of the knife could have severed an artery or nerve, placing Potts' life or

use of his leg in jeopardy. *See Tucker v. State,* 274 S.W.3d at 692. Appellant's first two issues are overruled.

*Exclusion of Witness Testimony*

After the close of evidence, appellant sought to have his mother Irma Arellano testify to rebut the testimony of Doyle. Irma claimed to have run into Doyle at a convenience store five or six days previously, and that Doyle told her that she did not really know what had happened that night because she was in another room and "they" were drunk. Moreover, the testimony was offered after both the State and defense had rested. Appellant moved the court to reopen testimony to proffer Irma's comments. The trial court originally granted the motion and permitted her to testify. However, the State eventually objected to the evidence because its admission would allegedly violate "the rule." The trial court sustained the objection and directed the jurors to disregard what Irma said. Appellant now contends that he was denied due process and the opportunity to confront witnesses. So too does he assert that "the rule" is inapplicable. We overrule the issue for several reasons.

First, the allegations of due process and the right to confront were not mentioned below. Given this, neither ground was preserved for review. *Briggs v. State,* 789 S.W.2d 918, 924 (Tex. App. 1990).

As for application of "the rule," we need not consider the contention. This is so because decisions to admit or exclude evidence are reviewed under the standard of abused discretion. *Burden v. State,* 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). When that standard is applicable, the trial court's decision may be *upheld* (as opposed to reversed) on grounds unmentioned below. *Ruffin v. State,* 270 S.W.3d 586, 597 (Tex.

4

Crim. App. 2008). And, there is one unmentioned ground that warranted exclusion of Irma's testimony.

Appellant sought to impeach Doyle's credibility via a prior inconsistent statement she allegedly made to Irma. He acknowledges as much in his appellate brief. Yet, "before extrinsic evidence of such statement may be allowed, the witness must be told the contents of such statement and the time and place and the person to whom it was made, and must be afforded an opportunity to explain or deny such statement." TEX. R. EVID. 613(a). That predicate was not satisfied here. Thus, the trial court did not err by excluding attempts to impeach via extrinsic evidence of a prior inconsistent statement.

Having overruled each issue, we affirmed the trial court's judgment.


Per Curiam

Do not publish.