02-11-512-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00512-CR

 


 
 
 Jeffery
 Lee Manns
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 396th District
 Court
  
 of
 Tarrant County (1213452D)
  
 December
 6, 2012
  
 Opinion
 by Justice Walker
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Sue Walker

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00512-CR

 

 


 
 
 JeffERy lee manns
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM 396th
district court of tarrant county 

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          A
jury found Jeffery Lee Manns guilty of aggravated robbery with a deadly weapon,
a knife, and after he pleaded true to enhancement allegations, the trial court
sentenced him to forty-five years’ confinement.  In three points, Manns argues
that the evidence is legally insufficient to support his conviction and that
the trial court erred by refusing to charge the jury on a lesser-included
offense.  We will affirm.

II.  Factual and Procedural Background

          Charles
Kent, a vehicle repossession agent, was on his way to repossess a vehicle when
he observed a 1977 Ford F-150 truck parked in a parking lot with its hood open
and a man under the hood on the passenger side.  After circling the block to
investigate, Kent found the truck in the parking lot with the hood closed and
no one around.  He parked in the same parking lot to reroute his GPS and work
on paperwork. 

The
driver’s side door of the Ford truck flew open and a man, later identified as
Manns, jumped out and took off running.  Kent drove after Manns and eventually
cornered him near a building.  Kent, a concealed handgun license holder,
pointed his .38 revolver at Manns and told him to “freeze.”  Manns fled again,
running back toward the Ford truck.  Manns fell down, and Kent got out of his
vehicle, leaving his gun inside.  He jumped on top of Manns, who struggled to
get free.  While on top of Manns, Kent felt a sharp pain in his stomach and
looked down to see that Manns had “stuck” a knife in his stomach.  Kent hit
Manns, who dropped the knife.  Kent told Manns that they should talk about
things “like men,” and Manns sat up.  Kent returned to his truck, got his gun,
called police, and detained Manns until police arrived.

When
police arrived, they secured Kent’s gun and recovered Manns’s knife from the
parking lot.  The responding officers found the Ford truck with the hood ajar, with
wires hanging down underneath the driver’s side, and with its ignition pried
open as if someone had tried to hotwire the truck.  Manns first told police
that he was trying to get into the truck to sleep but later told them that he
intended to hotwire the truck so that he could drive it to go collect a debt
and then return the truck. 

III.
 Sufficient Evidence Exists to Support Manns’s Conviction for Aggravated
Robbery

 

In his first two points, Manns argues that the evidence
is insufficient to prove (1) that he was “in the course of committing theft” as
required for a robbery conviction[2] and (2) that he used or
exhibited a deadly weapon.[3] 

A.  Standard
of Review

In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Wise v.
State, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.  Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Blackman v. State, 350 S.W.3d 588, 595
(Tex. Crim. App. 2011).

The
trier of fact is the sole judge of the weight and credibility of the evidence. 
See Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); Wise, 364
S.W.3d at 903.  Thus, when performing an evidentiary sufficiency review, we may
not re-evaluate the weight and credibility of the evidence and substitute our
judgment for that of the factfinder.  Isassi v. State, 330 S.W.3d 633,
638 (Tex. Crim. App. 2010).  Instead, we determine whether the necessary
inferences are reasonable based upon the cumulative force of the evidence when
viewed in the light most favorable to the verdict.  Sorrells v. State,
343 S.W.3d 152, 155 (Tex. Crim. App. 2011).  We must presume that the
factfinder resolved any conflicting inferences in favor of the verdict and
defer to that resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at
2793; Wise, 364 S.W.3d at 903.

In
determining the sufficiency of the evidence to show an appellant=s
intent, and faced with a record that supports conflicting inferences, we Amust
presume—even if it does not affirmatively appear in the record—that the trier
of fact resolved any such conflict in favor of the prosecution, and must defer
to that resolution.@  Matson v. State,
819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

B.  In
the Course of Committing Theft of Property

In his
first point, Manns argues that the evidence fails to show that he intended to
deprive the truck’s owner of the truck.  Specifically, Manns contends that there
is no evidence that he actually tried to start the truck and that the evidence
showed that he intended only to borrow the truck, not to deprive the owner of
the truck.

A
person commits robbery if in the course of committing theft and with intent to
obtain or maintain control of the property, he intentionally or knowingly
threatens or places another in fear of imminent bodily injury or death.  Tex.
Penal Code Ann. § 29.02(a).  “In the course of committing theft” refers to
conduct that occurs in an attempt to commit, during the commission of, or in
immediate flight after the attempt or commission of theft.  Id. §
29.01(1).  “Theft” is the unlawful appropriation of property with the intent to
deprive the owner of the property.  Id. § 31.03(a) (West Supp. 2012).

Here,
Kent testified that he saw Manns under the hood and inside the cabin of the
truck and that when Kent drove closer to the truck, Manns attempted to flee.  The
owner of the truck and the two responding officers all testified that the
truck’s ignition and hood had been tampered with in such a way that it appeared
someone had attempted to hotwire the truck.  Furthermore, although Manns told
the interviewing detective that he “just needed a ride” to collect a debt and
that—in response to the detective asking, “You were going to bring it right
back?”—he did not intend “to keep it, hurt it, do anything to it,” the jury was
not required to believe these self-serving statements.  See, e.g., Bustamante
v. State, 106 S.W.3d 738, 741 (Tex. Crim. App. 2003) (“The jury was well
within its discretion to . . . disbelieve the self-serving statements.”); see
also Matson, 819 S.W.2d at 846.  

Viewing
the evidence in the light most favorable to the verdict, we conclude that the
jury could have concluded beyond a reasonable doubt that Manns intended to
permanently deprive the truck’s owner of his truck.  See Jackson, 443
U.S. at 319; Isassi, 330 S.W.3d at 638; Matson, 819 S.W.2d at 846. 
We overrule Manns’s first point.

C.  Use
or Exhibition of a Deadly Weapon

In
his second point, Manns argues that the evidence is legally insufficient to
prove that he used or exhibited a deadly weapon because the State failed to
prove beyond a reasonable doubt that the pocket knife’s use or intended use was
capable of causing death or serious bodily injury to Kent. 

A
person commits aggravated robbery if he commits robbery and uses or exhibits a
deadly weapon.  Tex. Penal Code Ann. § 29.03(a)(2).  An ordinary knife is not a
deadly weapon per se, but it can be a deadly weapon by its use or intended use
that is capable of causing death or serious bodily injury.  Tucker v. State,
274 S.W.3d 688, 691 (Tex. Crim. App. 2008); McCain v. State, 22 S.W.3d
497, 502–03 (Tex. Crim. App. 2000); see Tex. Penal Code Ann. §
1.07(17)(B) (West Supp. 2012).  A pocket knife is made for purposes other than
inflicting death or serious bodily injury.  Victor v. State, 874 S.W.2d
748, 751 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).  Thus, the State
must prove that a pocket knife’s use or intended use was capable of causing
death or serious bodily injury.  Id.  In determining whether a knife is capable
of causing death or serious bodily injury, we consider the physical proximity
of the parties; the threats or words used by the defendant; the size, shape,
and sharpness of the weapon; the manner in which the defendant used the weapon;
and the wounds inflicted on the victim.  Brown v. State, 716 S.W.2d 939,
946 (Tex. Crim. App. 1986).

Here,
Kent was sitting on Manns and the two were struggling when Manns “stuck” Kent in
the stomach with his knife.  Cf. Davidson v. State, 602 S.W.2d
272, 274 (Tex. Crim. App. [Panel Op.] 1980) (explaining that evidence was
insufficient to show that defendant used or intended to use knife so as to
inflict serious bodily harm or death when he was five to six feet away from
victim and victim suffered no wounds).  The knife was a folding pocket
knife with a two-inch blade and a broken tip.  Prior to stabbing Kent, Manns
used the knife to cut the wires of the truck.  At trial, the jury was shown the
actual knife and a photograph of a similar knife.  Cf. id. (noting fact that
actual knife was not introduced into evidence as contributing to decision that insufficient
evidence supported aggravated robbery conviction).  The jury saw a photograph of
Kent’s wound.  Kent testified that it was “a minor puncture wound” or a small
bruise that later became infected.  Kent sought medical treatment for the wound;
the doctor applied antibiotic ointment and a band-aid to the wound and stated
that it would heal by itself.  Kent testified that he believed the knife was
capable of causing serious bodily injury or death and that he felt he needed to
rearm himself after being “stuck” with the knife.  The arresting officers also
testified that the knife was a deadly weapon.

Manns
argues on appeal that “the manner of use was simply, at most, to poke Mr. Kent
in the stomach in an attempt to get him off [of Manns],” but the plain language
of the statute “does not require that the actor actually intend death or
serious bodily injury; an object is a deadly weapon if the actor intends a use
of the object in which it would be capable of causing death or serious bodily
injury.”  McCain, 22 S.W.3d at 503.  Viewing the evidence in the light
most favorable to the verdict, we hold that a rational trier of fact could have
reasonably concluded that the knife—sharp enough to cut wires—was used in a
manner—striking at Kent’s stomach—that was capable of causing death or serious
bodily injury.  See Jackson, 443 U.S. at 319; Isassi, 330 S.W.3d
at 638; see also Tex. Penal Code Ann. § 1.07(17)(B).  Accordingly, we
overrule Manns’ second point. 

IV.
 The Trial Court Did Not Err By Overruling Manns’s Request for a
Lesser-Included Offense Instruction

 

In
his third point, Manns argues that the trial court erred by failing to instruct
the jury on the lesser-included offense of attempted theft.  Specifically, Manns
contends that he was entitled to the attempted theft instruction because there
was evidence that two elements of the greater, charged offense were not
proven:  (1) that he threatened or placed Kent in fear of imminent bodily
injury or death, and (2) that he used or exhibited a deadly weapon. 

We
use a two-step analysis to determine whether an appellant was entitled to a lesser-included
offense instruction.  Hall v. State, 225 S.W.3d 524, 528 (Tex. Crim.
App. 2007); Rousseau v. State, 855 S.W.2d 666, 672–73 (Tex. Crim. App.),
cert. denied, 510 U.S. 919 (1993).  First, the lesser offense must come
within article 37.09 of the code of criminal procedure.  Tex. Code Crim. Proc.
Ann. art. 37.09 (West 2006); Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim.
App. 1998).  Second, some evidence must exist in the record that would permit a
jury to rationally find that if the appellant is guilty, he is guilty only of
the lesser offense.  Hall, 225 S.W.3d at 536; Salinas v. State,
163 S.W.3d 734, 741 (Tex. Crim. App. 2005); Rousseau, 855 S.W.2d at 672–73.


The
State agrees that, under the first step of the analysis, attempted theft is a
lesser-included offense of aggravated robbery as alleged in the indictment.  See
Hall, 225 S.W.3d at 528; see also Teague v. State, 628 S.W.2d
240, 242 (Tex. App.—Fort Worth 1982, no pet.) (“Proof of a robbery requires the
proof of a theft or attempted theft.”) (citing Griffin v. State, 614
S.W.2d 155, 157 (Tex. Crim. App. [Panel Op.] 1981)).  Therefore, we turn our
attention to the second prong and determine whether there was some evidence
presented to permit the jury to rationally determine that Manns was guilty of
attempted theft but not guilty of aggravated robbery.  See Hall,
225 S.W.3d at 536.

The
evidence must be evaluated in the context of the entire record.  Moore,
969 S.W.2d at 8.  There must be some evidence from which a rational jury could
acquit Manns of the greater offense while convicting him of the lesser-included
offense.  Id.  The court may not consider whether the evidence is
credible, controverted, or in conflict with other evidence.  Id. 
Anything more than a scintilla of evidence may be sufficient to entitle a
defendant to a lesser charge.  Hall, 225 S.W.3d at 536. 

Here,
Manns contends that there is evidence that Kent did not fear imminent bodily
injury or death because he was the one who initiated the aggressive contact and
because he “intentionally left his gun in the truck because he thought he would
have no problem with [Manns] due to the size difference.”  However, as the
State points out, Manns “ignores Mr. Kent’s actions after [Manns] tried to stab
him with a knife, which Mr. Kent had not previously seen.”  See Tex.
Penal Code Ann. § 29.01(1) (defining “[i]n the course of committing theft” as
conduct occurring “in an attempt to commit, during the commission, or in
immediate flight after the attempt or commission of theft”); cf. Sweed
v. State, 351 S.W.3d 63, 69 (Tex. Crim. App. 2011) (“[T]he central issue at
trial was whether Appellant pulled a knife on Mondragon during or in immediate
flight after the commission of the theft”).  Kent testified that when he
realized that Manns “had [a] knife clenched in his hands almost like white
knuckled, and it was being pushed into [Kent’s stomach],” he felt threatened
and started punching Manns to defend himself.  Kent said that he thought the
knife could have killed him or caused serious bodily injury so he defended
himself.  He testified that after he got the knife away from Manns, he went back
to his vehicle, rearmed himself, and called 911.  Manns did not testify, offer
any witnesses on his behalf, or present any evidence.  See Bignall v. State,
887 S.W.2d 21, 24 (Tex. Crim. App. 1994) (stating that “it is not enough that
the jury may disbelieve crucial evidence pertaining to the greater offense;
there must be some evidence directly germane to a lesser included offense for
the factfinder to consider before an instruction on a lesser included offense
is warranted”).  And a review of the entire record reveals no evidence that, if
believed by the jury, showed that Kent was not placed in fear of imminent
bodily injury after discovering that Manns had “pushed” a knife into his
stomach.  See Tex. Penal Code Ann. §§ 29.01(1), .02(a)(2); see also Sweed,
351 S.W.3d at 68 (providing that lesser-included offense instruction required only
if some evidence refutes or negates other evidence establishing the greater
offense or if the evidence presented is subject to different interpretations). 
Accordingly, we hold that Manns was not entitled to a lesser-included offense
instruction on attempted theft because no evidence exists from which a rational
jury could have acquitted Manns of aggravated robbery while convicting him of
attempted theft.[4]  We overrule Manns’s
third point.

V.  Conclusion

          Having overruled
Manns’s three points, we affirm the trial court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
DAUPHINOT, WALKER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 6, 2012









[1]See Tex. R. App. P. 47.4.





[2]Tex. Penal Code Ann. §§ 29.01(1),
.02(a) (West 2011).  





[3]See id. §
29.03(a)(2) (West 2011). 





[4]And to the extent that
Manns argues that he was entitled to an attempted theft instruction because
there was evidence that he did not use a deadly weapon, even if he was correct
that such evidence existed, that evidence would only entitle him to an
instruction on robbery, a complaint he does not raise on appeal.  See Tex.
Penal Code Ann. § 29.03(a)(2) (defining aggravated robbery as robbery with the
use or exhibition of deadly weapon).